## HILL v. REYNOLDS TRUST et al.
### No. 14029.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 9, 1940.

Rehearing Denied March 8, 1940.

Myres & Myres, of Fort Worth, and J. L. Bird, of Walnut Springs, for appellant.

Bryan, Stone, Wade & Agerton and B. G. Mansell, all of Fort Worth, for appellees.

BROWN, Justice.

Appellees brought suit in the County Court at Law No. 2 of Tarrant County, Texas, against Ray O. Moore and W. R. Hill, for conversion of about 1,077 pounds of wool, alleged to be of the market value of $376.77.

The defendant, Hill, denied generally the allegations of the petition, and appeared at the trial and contested the suit. It appears that the defendant, Moore, answered but did not appear in person or through counsel, at the trial.

The cause was tried to a jury, and one special issue was submitted: "Do you find from a preponderance of the evidence that the wool purchased by W. R. Hill was the same identical wool as that taken from the Reynolds Trust Farm in Tarrant County?" The jury answered, "Yes."

The court instructed the jury to return a verdict in favor of appellees against Ray O. Moore for $376.77, with 6% interest.

On this record the court rendered judgment jointly and severally against Moore and Hill, in favor of appellees.

Hill's amended motion for a new trial having been overruled, he has appealed and timely filed a supersedeas bond.

Appellant's original motion for a new trial was filed April 22nd, 1939, and, with leave of court, he filed his amended motion on April 29th, 1939.

We do not understand that a litigant may rely upon both his original motion and his amended motion for a new trial. Having filed the amended motion, with leave of court, he thereby abandons his original motion, unless he obtains leave to withdraw his amended motion and insists upon the original.

The order of the trial court, insofar as it makes mention of overruling the original motion, is mere surplusage and a nullity. We conclude that appellant must rely upon his amended motion.

The first paragraph of the amended motion complains of the trial court's action in overruling Hill's plea of privilege. This matter is not brought forward in the brief and is not attempted to be presented.

The second paragraph complains of the trial court's action in overruling and in not sustaining Hill's objections to statements made by the defendant, Ray O. Moore, to the witness, Frank, in the absence of Hill, such statements being hearsay as to Hill.

We find that assignment of error No. 3 in appellant's brief is a reconstructed statement of this paragraph of appellant's motion, but no reference to the proper paragraph is made. (This should always be done to assist the appellate court).

The third paragraph of the amended motion complains of the action of the trial court in overruling and in not sustaining Hill's objections to statements made by Ray O. Moore to the witness, P. D. Smith, in the absence of Hill, such statements being hearsay as to Hill.

We find that assignment of error No. 2 is a reconstructed statement of this paragraph of the amended motion, and that no reference is made in the brief to such paragraph.

The fourth paragraph of the amended motion complains of statements made by Ray O. Moore to the witness, E. C. Watson, being admitted in evidence over similar objections as shown in the assignments just above discussed.

Assignment of error No. 4 is a reconstructed statement of such paragraph 4 of the amended motion, but no reference to the proper paragraph is given.

Paragraph 5 of the amended motion complains of the introduction in evidence of a written statement (or confession) made by the defendant, Ray O. Moore, to the witness, E. C. Watson, as being hearsay as to Hill.

Assignment of error No. 5 is a reconstructed statement of this paragraph of the amended motion, but no reference to the proper paragraph is given.

The sixth paragraph of the amended motion complains of the failure of the trial court to give Hill an instructed verdict, as requested, and the sixth assignment of error

is a reconstructed statement of this paragraph, but no reference to the proper paragraph is given.

We are considering appellant's 2nd, 3rd, 4th, 5th and 6th assignments of error, but we must decline to consider the first assignment of error, which touches upon the testimony given by one of the plaintiffs, because we find no complaint made of this in the amended motion for a new trial.

We will consider the 2nd, 3rd, 4th and 5th assignments of error together, as they are identical in principle.

It appears that the defendant, Ray O. Moore, stole the wool in Tarrant County and carried it to Bosque County, where he contacted the witness, Smith, and requested Smith to help him sell the wool. That Smith got in touch with defendant, Hill, and Hill came down to Smith's place of business with a motor vehicle, transferred the wool from Moore's vehicle to his and carried the wool to his (Hill's) place of business, where it was weighed, and that Hill gave Smith a check, payable to Moore, in the sum of $376.77, which Moore cashed and paid Smith for his services out of the proceeds. Moore made a written statement and confession of the transaction.

Any oral statements made by Moore to the witnesses Smith, Frank and Watson, or either of them, touching the transaction, and such statements being admissions against interest, and made by a party to the suit, were admissible against the defendant, Moore.

If the defendant, Hill, wanted this testimony limited, he had a right to request the court to so instruct the jury, but this he did not do, and he cannot now complain because it was admitted.

We recently had this question before us. See Sproles Motor Freight Lines v. Juge, Tex.Civ.App., 123 S.W.2d 919, writ dismissed—correct judgment.

What we have said of oral statements is equally applicable to the written confession made by Moore.

The assignments of error are overruled.

There is no merit in the 6th assignment of error. Under no phase of the case was Hill entitled to a peremptory instruction.

The record is replete with evidence showing that appellant, Hill, bought the identical wool, the conversion of which is involved here. Hill's testimony, standing alone, shows that he bought certain sacks

of wool "from Moore, through Smith", and that he paid the exact sum which Smith testified was received for the wool, and Smith's testimony, standing alongside of Hill's admissions, even if we disregard other evidence, would render the trial court powerless to instruct a verdict for Hill.

Finding no error, the judgment is affirmed.