**Mildred CECIL, Petitioner,**

v.

**Charles Madison SMITH, Respondent.**

No. D–0100.

Supreme Court of Texas.

Feb. 27, 1991.

M. Keith Dollahite, Tyler, Michael G. George, Athens, for petitioner.

James A. Attaway, Jr., Quitman, for respondent.

OPINION

HIGHTOWER, Justice.

The issue before this court is whether a timely filed motion for new trial which is

overruled by operation of law preserves appellate complaints of no evidence and factual insufficiency of the evidence to support a jury finding. The trial court, after a jury trial, rendered judgment concerning ownership of a certificate of deposit and the validity and delivery of a deed. Mildred Cecil (Cecil) timely filed a motion for new trial and an amended motion for new trial asserting, among other things, that there was no evidence and factually insufficient evidence to support the jury findings. The amended motion for new trial was overruled by operation of law.[1] The court of appeals affirmed. 790 S.W.2d 709. The court of appeals held that Cecil failed to preserve her points of error because she failed "to call the trial court's attention to her *timely filed* motion for new trial...." 790 S.W.2d at 716 (emphasis in original). We reverse and remand this cause to the court of appeals.

Martha L. Wisdom (Decedent) died testate in 1985. Her will was admitted to probate and named Charles Madison Smith (Smith) independent executor and left the entire estate to Smith and Cecil. In 1988, Smith filed an application to recover possession of the proceeds of a certificate of deposit allegedly belonging to Decedent's estate. Subsequently, Cecil and others filed suit against Smith seeking to remove him as independent executor and to set aside a deed executed by Decedent in favor of Smith. Both proceedings were transferred to the Henderson County Court At Law.

After a jury trial, judgment was rendered on the jury's verdict in favor of Smith that the deed in question was valid, that Decedent delivered the deed to Smith prior to her death and that Decedent's estate owned the certificate of deposit. Cecil timely filed a motion for new trial. Cecil's motion for new trial asserted, among other things, the following: (1) the evidence was factually insufficient to support each finding; (2) the jury's failure to find that Decedent did not deliver the deed to Smith was contrary to the overwhelming weight and preponderance of the evidence; (3) there was no evidence to support the findings; and (4) the contrary of each finding was established as a matter of law. The trial court did not hear or otherwise consider the amended motion for new trial and the motion was overruled by operation of law. The court of appeals concluded *sua sponte* that Cecil failed to preserve her points of error asserting that there was no evidence or factually insufficient evidence to support the jury's findings. The court of appeals stated: "Our legal conclusion that Cecil's points of error ... were not preserved for review rests upon Cecil's failure to call the trial court's attention to her *timely filed* motion for new trial that alleges those claimed errors." 790 S.W.2d at 716 (emphasis in original).

Cecil argues that her motion for new trial which was overruled by operation of law preserves appellate complaints of no evidence and factual insufficiency of the evidence to support the jury's findings. We agree.

■■■ A point in a motion for new trial is a prerequisite to complain on appeal that the evidence is factually insufficient to support a jury finding and that a jury finding is against the overwhelming weight of the evidence. Tex.R.Civ.P. 324(b)(2) and (3). *See* Tex.R.App.P. 52(d). "No evidence"[2]

---

1. It is undisputed that Cecil timely filed her original and amended motions for new trial and that the amended motion was overruled by operation of law. Cecil's amended motion for new trial became the operative motion. *See Hill v. Reynolds Trust*, 137 S.W.2d 195, 195–96 (Tex. Civ.App.—Fort Worth 1940, no writ). However, for the sake of clarity, the amended motion for new trial will hereinafter be referred to as the "motion for new trial".

2. No evidence points of error may only be sustained when the record discloses (1) a complete absence of evidence of a vital fact, (2) the court

is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, and (4) the evidence established conclusively the opposite of the vital fact. *See* Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEX.L.REV. 361, 362–63 (1960). Cecil's points that (1) there was no evidence to support the findings and (2) the contrary of each finding was established as a matter of law will hereinafter collectively be referred to as her "no evidence" points.

points may be raised by either (1) a motion for instructed verdict, (2) a motion for judgment notwithstanding the verdict, (3) an objection to the submission of the issue to the jury, (4) a motion to disregard the jury's answer to a vital fact issue or (5) a motion for new trial. *Aero Energy, Inc. v. Circle C Drilling Co.*, 699 S.W.2d 821, 822 (Tex.1985). Cecil's no evidence points of error were raised only in her motion for new trial.

A motion for new trial must be filed prior to or within thirty days after the judgment is signed. Tex.R.Civ.P. 329b(a). One or more amended motions for new trial may be filed without leave of court before any preceding motion for new trial filed by the movant is overruled and within thirty days after the judgment is signed. Tex.R.Civ.P. 329b(b). If an original or amended motion for new trial is not determined by written order signed within seventy-five days after the judgment was signed, it is overruled by operation of law. Tex.R.Civ.P. 329b(c).

In requiring Cecil to call the trial court's attention to her motion for new trial, the court of appeals relied upon the "presentment requirement" in Rule 52(a) of the Texas Rules of Appellate Procedure and *Moore v. Mauldin*, 428 S.W.2d 808 (Tex.

1968).[3] Rule 52(a) states the general rule for preserving appellate complaints and provides in relevant part:

> In order to preserve a complaint for appellate review, a party must have *presented* to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion.

Tex.R.App.P. 52(a) (emphasis added).

■ While Rule 52(a) provides the general rule for preserving appellate complaints, Rule 52(d) specifically applies to preserving complaints in motions for new trial. Rule 52(d) provides that "[a] point in a motion for new trial is a prerequisite to appellate complaint in those instances provided in paragraph (b) of Rule 324 of the Texas Rules of Civil Procedure."[4] Rule 52(d) expressly applies when Rule 324(b) requires error to be preserved in a motion for new trial. When Rule 324(b) requires a motion for new trial to preserve error, the complaining party is required only to comply with the filing requirements in Rule 329b to preserve the points of error.[5] *See gen-*

---

**3.** *Moore v. Mauldin* was based upon an earlier version of Rule 329b which placed a duty on the "proponent of an original or amended motion for new trial to present the same to the court...." *Moore v. Mauldin*, 428 S.W.2d at 809 (quoting Tex.R.Civ.P. 329b § 4). Despite the rule's language, this court held that Rule 329b did not require a formal presentation and hearing on the motion. *Id.* at 809. This court interpreted Rule 329b's "present" to mean "no more than that the movant must call the motion to the court's attention and ask for a ruling upon the same or face the possibility that the court will not act and allow the motion to be overruled by operation of law." *Id.* However, the "presentment" requirement was eliminated when Rule 329b was amended in 1981. Tex.R. Civ.P. 329b comment (Vernon Supp.1990). *See* Barrow, *Appellate Procedure Reform*, 12 St. Mary's L.J. 615, 619 (1981); Guittard, *Other Significant Changes in the Appellate Rules*, 12 St. Mary's L.J. 667, 675 (1981); Pope & McConnico, *Practicing Law with the 1981 Texas Rules*, 32 Baylor L.Rev. 457, 497 (1980). Thus, the 1981 amendments to Rule 329b eliminated that Rule's former requirement that a movant call a

motion for new trial to the trial court's attention.

**4.** Rule 52(d) was amended effective September 1, 1990. *See infra* note 6.

**5.** We note that "when a motion [for new trial] presents a question of fact upon which evidence must be heard, the trial court is obligated to hear such evidence when the Motion for New Trial alleges facts, which if true, would entitle the movant to a new trial and when a hearing for such purpose is properly requested." *Hensley v. Salinas*, 583 S.W.2d 617, 618 (Tex.1979). *See Parham v. Wilbon*, 746 S.W.2d 347, 351 (Tex.App.—Fort Worth 1988, no writ); *Van Der Veken v. Joffrion*, 740 S.W.2d 28, 30 (Tex.App.—Texarkana 1987, no writ); *Texaco, Inc. v. Pennzoil, Co.*, 729 S.W.2d 768, 850 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), *cert dismissed*, 485 U.S. 994, 108 S.Ct. 1305, 99 L.Ed.2d 686 (1988); *Adams v. Kendall County Appraisal District*, 724 S.W.2d 871, 876 (Tex.App.—San Antonio 1986, no writ); Tex.R.Civ.P. 327. The points in Cecil's motion for new trial did not present a complaint on which evidence must be heard.

*erally Riley v. Meriwether*, 780 S.W.2d 919, 922 (Tex.App.—El Paso 1989, no writ); *Metot v. Danielson*, 780 S.W.2d 283, 286 (Tex.App.—Tyler 1989, writ denied); *Texaco, Inc. v. Pennzoil, Co.*, 729 S.W.2d 768, 852 (Tex.App.—Houston [1st Dist] 1987, writ ref'd n.r.e.), *cert dismissed*, 485 U.S. 994, 108 S.Ct. 1305, 99 L.Ed.2d 686 (1988).

■ Factual insufficiency points of error are expressly required by Rule 324(b) to be raised in a motion for new trial. Therefore, we hold that Cecil's motion for new trial points complaining that the evidence was factually insufficient are preserved for appellate review by her compliance with the filing requirements of Rule 329b and the subsequent overruling of the motion for new trial by operation of law. *See Riley v. Meriwether*, 780 S.W.2d at 922; *Metot v. Danielson*, 780 S.W.2d at 286.

■ Concerning Cecil's no evidence points of error, Rule 324 does not require no evidence points of error to be raised in a motion for new trial to preserve the complaint for appeal. However, no evidence complaints may be raised in a motion for new trial. *Aero Energy, Inc. v. Circle C Drilling Co.*, 699 S.W.2d at 822. In this case, Cecil's no evidence points of error were raised only in her motion for new trial. Although Rule 52(d) only specifically refers to Rule 324(b) error preservable by motion for new trial, we see no reason to distinguish between error specifically preservable by motion for new trial in Rule 324(b) and other error preservable by motion for new trial. Requiring compliance with Rule 52(a) *in addition to* Rule 329b's filing requirement would unnecessarily resurrect the "presentment" requirement

which this court eliminated in 1981 to motions for new trial. Tex.R.Civ.P. 329b comment (Vernon Supp.1990). Furthermore, requiring the additional compliance with Rule 52(a) would undermine our goal of judicial economy by creating needless expense and delay. *See Cherne Industries, Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex.1989). Consequently, we hold that no evidence complaints are preserved for appellate review if Rule 329b's filing requirements for motions for new trial are met.[6] *See Riley v. Meriwether*, 780 S.W.2d at 922; *Metot v. Danielson*, 780 S.W.2d at 286.

The court of appeals did not consider Cecil's points of error asserting that the evidence was legally and factually insufficient to support the jury findings. Because the unaddressed points of error include attacks on the sufficiency of the evidence, we remand the cause to the court of appeals for consideration of the previously unaddressed points. *See Coulson & CAE, Inc. v. Lake LBJ Municipal Utility District*, 734 S.W.2d 649, 652 (Tex.1987).

Accordingly, we reverse and remand the cause to the court of appeals.

CORNYN, J., dissents.

CORNYN, Justice, dissenting.

I respectfully dissent. By holding that a litigant may preserve error by presenting a complaint to the court of appeals for the first time on appeal, the majority has rendered the requirements of Texas Rule of Appellate Procedure 52(a) and Texas Rule of Civil Procedure 324(b)(2) meaningless.[1]

---

**6.** Rule 52(d) was amended effective September 1, 1990. As amended, Rule 52(d) provides:

A point in a motion for new trial is prerequisite to appellate complaint in those instances provided in Rule 324(b) of the Texas Rules of Civil Procedure. A party desiring to complain on appeal in a nonjury case that the evidence was legally or factually insufficient to support a finding of fact, that a finding of fact was established as a matter of law or was against the overwhelming weight of the evidence, or of the inadequacy or excessiveness of the damages found by the court shall not be required to comply with paragraph (a) of this rule.

This provision was intended to clarify and not change appellate requisites for nonjury trials. *See* Tex.R.App.P. 52 comment to 1990 change. The amendment does not implicitly add the requirement that factual insufficiency or no evidence points of error raised in motions for new trial in *jury* cases must also satisfy Rule 52(a).

**1.** Petitioner also made "no-evidence" complaints for the first time in her motion for new trial. Since she failed to: 1) object to submission of the pertinent jury question(s) to the jury; 2) move for a directed verdict; 3) move to disregard the jury's answer to the question(s) or 4) move for judgement non obstante veredicto, her

Furthermore, the majority gives its blessing to a practice that was specifically eliminated by the 1984 amendment to Rule 324. Factual insufficiency complaints, never brought to the trial judge's attention, may ultimately result in a new trial, but only after the added expense and delay of an appeal. Rules 324, 329b and 52(a) should be interpreted, without ignoring any one rule at the expense of the others, to require that the trial court be given an opportunity to pass **at least once** on all claimed errors so that a potentially unnecessary appeal can be avoided.

Confusion about when a motion for new trial is required as a prerequisite to appeal is not new. *See Litton Indus. Prods., Inc. v. Gammage*, 668 S.W.2d 319, 322–24 (Tex. 1984). Adding to the confusion is the fact that this court has amended Rule 324 four times since 1978. In 1978, Rule 324 was amended to remove the requirement of a motion for new trial as a prerequisite for appeal in most cases. *Id.* at 322; Tex.R. Civ.P. 324 historical note, 1978 amendment (Vernon Supp.1991). This amendment stemmed from the desire to eliminate appellate traps for the unwary, fatal to the preservation of error. Figari, *Texas Civil Procedure*, 32 SW. L.J. 407, 422–23 (1978). The 1978 amendment expressly eliminated the need for a motion for new trial when the complaint concerned the factual sufficiency of the evidence to support a jury verdict, permitting such complaint to be made for the first time on appeal. Tex.R. Civ.P. 324 historical note, 1981 amendment (Vernon Supp.1991). In 1981, the requirement of a motion for new trial was even further limited to when the movant alleged grounds "upon which evidence must be heard, such as one of jury misconduct or of newly discovered evidence." *Id.*

But in 1984, this court reversed the trend toward limiting the requirement of a motion for new trial in jury cases. That year,

the rule was changed to specifically require a motion for new trial, *inter alia*, when the complaint concerns "the factual insufficiency of the evidence to support a jury finding." Tex.R.Civ.P. 324 (Vernon Supp. 1991). The purpose of the amendment was to prevent a party from complaining of the sufficiency of the evidence for the first time on appeal. 31 J. Wicker, Civil Trial and Appellate Procedure § 353 (Texas Practice 1985).

The general requirement of preservation of error is articulated in Rule 52(a):[2]

> **General Rule.** In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. **It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion. If the trial judge refuses to rule, an objection to the court's refusal to rule is sufficient to preserve the complaint.** (Emphasis added).

The majority opinion eviscerates this principle when a motion for new trial is overruled by operation of law. It also overlooks part of the sound rationale for this principle we expressed in *Pirtle v. Gregory*, 629 S.W.2d 919, 919–20 (Tex.1982) (per curiam):

> The reason for the requirement that a litigant preserve a trial predicate for complaint on appeal is that one should not be permitted to waive, consent to, or neglect to complain about an error at trial and then surprise his opponent on appeal by stating his complaint for the first time.

Further, it thwarts the purpose of motion for new trial practice, which is to avoid

---

"no-evidence" points could only be preserved as error in her motion for new trial. *Aero Energy, Inc. v. Circle C Drilling Co.*, 699 S.W.2d 821, 822 (Tex.1985). I would also hold that these complaints were not preserved for appellate review under Texas Rule of Appellate Procedure 52(a) since the trial court was never given the opportunity to rule on them.

**2.** Contrary to the majority's assertion, this court's various amendments to Rule 324 and its adoption of Texas Rule of Appellate Procedure 52(d) did not alter the requirements of Rule 52(a). 31 J. Wicker, Civil Trial and Appellate Procedure § 353 (Texas Practice Supp.1987).

unnecessary appeals. *Park v. Essa Tex. Corp.*, 158 Tex. 269, 271, 311 S.W.2d 228, 230 (1958).

The irony in the majority's holding becomes even more apparent when one considers that the trial court is required to submit a jury question when there is "some evidence" to support the issue, even where the jury's affirmative answer would be based on factually insufficient evidence, *Brown v. Goldstein*, 685 S.W.2d 640, 641 (Tex.1985), or would be against the great weight and preponderance of the evidence. *Gulf Colo. & Santa Fe Ry. Co. v. Deen*, 158 Tex. 466, 470, 312 S.W.2d 933, 937, *rev'd on other grounds per curiam sub nom. Deen v. Hickman*, 358 U.S. 874, 79 S.Ct. 111, 3 L.Ed.2d 105 (1958). When factual sufficiency assignments of error are raised by a motion for new trial, the trial court is given its first opportunity to cure these errors in the judgment by granting a new trial. But when a motion for new trial is never presented to the trial court for a ruling, the majority holds that error is nevertheless preserved for appellate review, even though the *trial court has ruled correctly on all objections presented.* [3]

It is ironic indeed that the appellant could thereafter allege in a point of error to the court of appeals that "the trial court erred . . ." in failing to grant a new trial

based on the sufficiency of the evidence when in fact the trial court committed no error. This clearly violates the rule that one may not appeal from a judgment having received all the relief requested in the court below. *Trad v. General Crude Oil Co.*, 474 S.W.2d 183, 184 (Tex.1971) (per curiam); *City of San Antonio v. Munoz*, 159 Tex. 436, 321 S.W.2d 573 (1959) (per curiam).

This court never intended the overruling of a motion for new trial by operation of law to supersede the rules regarding preservation of error. A review of the historical evolution of Rule 329b shows that the concept of overruling a motion for new trial by operation of law arose, at part, from problems created by the now discarded concept of "terms of court." This problem no longer exists under the modern notion of "continuous" terms of court.[4] Another reason for the concept of overruling a motion for new trial by operation of law was the desire to establish a uniform timetable for post-verdict motions and appellate steps.[5] The amendments to present Rule 329b were never intended to supersede the principle that a trial judge should have an opportunity to rule on a motion for new trial before the litigants appeal the case.

The majority infers that the elimination of the "presentment" requirement from

---

**3.** This is also the result when the complaint is that the jury's verdict is against the overwhelming weight of the evidence or, as here, a litigant waits until a motion for new trial to raise "no evidence" arguments for the first time.

**4.** Before 1923, all pending motions for new trial were overruled when the term of the particular court expired. Tex.R.Civ.P. 329b comment (Vernon 1977). To provide the trial court the power to rule on a motion for new trial filed during the preceding term, the legislature passed the Special Practice Act in 1923. Act of March 21, 1923, 38th Leg., R.S., ch. 105, §§ 14–17, 1923 Tex.Gen.Laws 215, 220, *repealed by* Act of May 15, 1939, 46th Leg., R.S., ch. 25, 1939 Tex.Gen.Laws 201. That Act gave a trial judge the power to rule on a motion for new trial filed during "the succeeding term or at any time which may be fixed by the judge, or to which it may have been postponed or continued by agreement of the parties with leave of the court." Act of March 21, 1923, 38th Leg., R.S., ch. 105, 1923 Tex.Gen.Laws 215, 220 (repealed 1939). If the trial judge and the parties did not agree otherwise, the motion was automatically

overruled "as if the term of court had expired." *Id.* In 1941, this court promulgated Texas Rule of Civil Procedure 330, which incorporated the relevant sections of the Special Practice Act with minor changes. In 1955, Rule 330 became Rule 329b.

**5.** In 1955, Rule 329b first placed a ninety-day limit on the time within which a trial judge could rule on a motion for new trial. The purpose of this amendment was to "achieve uniformity of practice in all district courts with respect to a motion for new trial." Tex.R.Civ.P. 329b comment. Later, Rule 329b was completely rewritten "so that appellate steps will run from the date the judgment or order is signed." Tex.R.Civ.P. 329b historical note, 1981 amendment (Vernon Supp.1991). The purpose of the 1981 amendment of Rule 329b, among other rules, was to permit the establishment of a uniform appellate timetable. Minutes of the Advisory Committee for the Supreme Court of Texas at 197 (November 16–17, 1979).

Rule 329b in 1981 evidences an intent that the trial court need not be given an opportunity to rule. This inference is unjustified in view of the fact that "presentment" became unnecessary after the necessity for a motion for new trial as a predicate for preserving error for appellate review was virtually eliminated in 1978. Only after 1984, when Rule 324 was amended to require a motion for new trial when the complaint concerned the factual sufficiency of the evidence, did this apparently inadvertent omission become problematic.

Even when Rule 329b required "presentment," the movant was never required to actually set the motion for hearing but only to call the trial court's attention to the error alleged and request a ruling. *Moore v. Mauldin,* 428 S.W.2d 808, 809 (Tex.1968) (per curiam); *University of Texas v. Morris,* 163 Tex. 130, 133, 352 S.W.2d 947, 949 (1962). The rule did not require a request for a hearing when it would only be an empty formality, e.g. where the trial court already had an opportunity to rule on a complaint and had overruled the objection. *Id.* That is all Texas Rule of Appellate Procedure 52(a) requires. Allowing an appellant to appeal an objection never ruled upon by the trial court is tantamount to "resurrecting the rejected fundamental error rule." *Litton Indus. Prods., Inc. v. Gammage, supra,* at 323–24.

In many, if not most, trial courts in Texas the judge will never know that a motion for new trial has been filed in the clerk's office unless a litigant brings it to the court's attention. With literally hundreds and perhaps thousands of cases on their docket, it is only reasonable that we require litigants to affirmatively direct the judge's attention to their complaints so the court can make a deliberate decision. If the judge chooses not to set the motion for hearing or otherwise rule on the motion, the litigant need only object to meet the requirements of Rule 52(a).[6]

Once brought to the court's attention, the judge has the discretion to grant a new trial for almost any reason. *Cummins v. Paisan Constr. Co.,* 682 S.W.2d 235, 236 (Tex.1984) (per curiam).[7] The trial court even has the authority to grant a new trial if, in its sole opinion, such an order is required "in the interest of justice and fairness," *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 918 (Tex.1985, orig. proceeding), but for reasons which might not amount to reversible error. "[T]he rendition of judgement puts no period to the trial judge's responsibility to see that, to the limit of his ability, justice be done in the cause." 4 R. McDonald, Texas Civil Practice in District and County Courts § 18.01, at 262 (rev. 1984).

Litigation is already too expensive and time consuming, foreclosing many litigants from redress of their lawful rights. Allowing litigants to raise alleged errors for the first time on appeal exacerbates this serious problem. The following language in *Cherne Indus., Inc. v. Magallanes,* 763 S.W.2d 768, 772 (Tex.1989), although not addressing the rules at issue here, is apt:

> In a time when the cost and delay of litigation threaten the right of meaningful access to the courts for many of our citizens, we cannot condone an erroneous interpretation of our rules, however embedded in our practice, which discourages litigants from availing themselves of a cheaper and quicker means of judicial resolution.

For the foregoing reasons, I would hold that Petitioner's points of error, raised for the first time in her motion for new trial but never presented to the trial court for a ruling, were waived.

---

**6.** This could be done orally on the record or by filing a written objection.

**7.** The granting of a new trial by the trial court is not reviewable on appeal but only by *mandamus* in two circumstances not at issue here: (1) where the trial court rules after its jurisdiction lapses, *Thursby v. Stovall,* 647 S.W.2d 953, 955 (Tex.1983, orig. proceeding) (per curiam); or (2) when a new trial is erroneously granted because of a perceived conflict in the jury verdict. *Johnson v. Court of Appeals,* 162 Tex. 613, 615, 350 S.W.2d 330, 331 (1961, orig. proceeding).