Wright v. Austin 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-149-CV





ROBERT E. WRIGHT,



 APPELLANT


vs.





CITY OF AUSTIN,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 464,447, HONORABLE WILL WILSON, JUDGE



 





PER CURIAM


 This appeal arises from a claim for workers' compensation benefits. Tex. Rev.
Civ. Stat. Ann. arts. 8307c et seq. (Supp. 1991). (1) Appellant, Robert E. Wright, allegedly
suffered an injury on June 7, 1988, while in the course and scope of his employment with
appellee, the City of Austin. After appellant obtained an award from the Industrial Accident
Board, appellee filed suit in the district court to have the award set aside. The jury found that
appellant did not receive an injury in the course of his employment with appellee, and the trial
court rendered judgment on the verdict against appellant.

 In a single point of error, appellant argues that the jury's failure to find a job-related injury was so against the great weight and preponderance of the evidence as to be
manifestly unjust. To complain on appeal of the factual sufficiency of the evidence to support a
jury finding, an appellant must have raised the contention in a motion for new trial in the trial
court. Tex. R. Civ. P. Ann. 324(b) (Supp. 1991); Cecil v. Smith, 804 S.W.2d 509 (Tex. 1991);
Griffin v. Rowden 702 S.W.2d 692 (Tex. App. 1985, writ ref'd n.r.e.). The record does not
show that appellant filed a motion for new trial in this cause. Accordingly, we overrule the point
of error.

 The judgment of the trial court is affirmed.



[Before Justices Powers, Aboussie and Kidd]

Affirmed

Filed: May 15, 1991

[Do Not Publish]
1. This cause arose before the Workers' Compensation Act was amended effective January 1,
1991.