NUMBER 13-04-022-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
                                                                                                                      

IN THE MATTER OF THE GUARDIANSHIP OF 
WARREN DOWLING WHITCOMB, A NON COMPOS MENTIS
                                                                                                                                      

On appeal from the County Court at Law No. 2
of Victoria County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Rodriguez, Castillo and Garza
Memorandum Opinion by Justice Garza

          Appellee, Kathryn E. Fojt, filed a suit to have a guardianship ordered for her father,
appellant, Warren Dowling Whitcomb. After a jury trial, an order was entered granting the
guardianship and appointing appellee as guardian of appellant’s person and estate. By
one issue, appellant complains that the evidence at trial was legally and factually
insufficient to rise to the level of clear and convincing evidence necessary to create a
guardianship over appellant.


 
Legal and Factual Sufficiency
1.       Preservation of Error
          As a preliminary matter, appellee claims that appellant has not preserved his legal
and factual sufficiency issues for appeal. We agree. To preserve a legal sufficiency or no
evidence issue for appeal a party must use one of the following methods: (1) a motion for
instructed verdict, (2) an objection to the submission of the issue to the jury, (3) a motion
to disregard jury’s answer, (4) a motion for judgment notwithstanding the verdict, or (5) a
motion for new trial specifically raising the complaint. T.O. Stanley Boot Co. v. Bank El
Paso, 847 S.W.2d 218, 220 (Tex. 1992); Arroyo Shrimp Farm, Inc. v. Hung Shrimp Farm,
Inc., 927 S.W.2d 146, 148-49 (Tex. App.–Corpus Christi 1996, no writ). A complaint
challenging the factual sufficiency of the evidence to support a jury finding must be urged
in a motion for new trial in order to preserve the issue for appeal. Tex. R. Civ. P. 324(b);
Cecil v. Smith, 804 S.W.2d 509, 510 (Tex. 1991); Arroyo Shrimp Farm, 927 S.W.2d at 149. 
We have reviewed the record and find that appellant did not challenge the legal or factual
sufficiency of the evidence in the trial court at any juncture. Accordingly, we hold that
appellant has waived his sole issue on appeal and therefore dismiss this appeal. See Tex.
R. App. P. 33.1(a); Tex. R. Civ. P. 324(b)(2).  



                                                                               _______________________
                                                                               DORI CONTRERAS GARZA,
                                                                               Justice
 
 
Memorandum Opinion delivered and 
filed this the 5th day of May, 2005.