In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00105-CV
_____


IN THE INTEREST OF C.A. AND D.D.


On Appeal from the 75th District Court
Liberty County, Texas
Trial Cause No. CV 1205472


MEMORANDUM OPINION

The Texas Department of Family and Protective Services ("the Department") filed a petition to terminate J.A.'s parental rights to C.A. and D.D. D.A. and T.A., the children's maternal grandparents, intervened. After a bench trial, the trial court terminated J.A.'s parental rights. In four appellate issues, J.A. challenges the termination of her parental rights. We affirm the trial court's judgment.

## Factual Background

At trial, D.D. testified that she felt afraid when living with J.A. because J.A. hit her with objects like a hanger or a belt, yelled, stated that she hated D.D., called D.D. dumb, and pulled D.D.'s hair. C.A. testified that she too felt afraid when living with J.A., never felt safe at home with J.A., and that J.A. was mean, hit her on the arms, pulled her hair, cursed, and called her a "horrible daughter." C.A. and D.D. testified that J.A. once held a knife to C.A.'s neck and had threatened to burn the house down with the children inside. C.A. testified that she did not feel safe when J.A. was driving a vehicle because J.A. drove fast and threatened to hit the brakes so that C.A. would "fly[] through the window." C.A. wanted to live with her grandmother, not J.A., and did not even want to visit J.A.

J.D., D.D.'s father, testified that J.A. was violent toward him on four or five occasions, threatened him with a knife several times, and slashed his tires. He believed that J.A.'s behavior endangered the children. D.A. testified that she was afraid for the children when they were alone with J.A. She had seen J.A. pull C.A.'s hair, and she testified that J.A. constantly screamed and cursed at the children. D.A. testified that the children are afraid of J.A., that C.A. never asks about J.A., and that D.D. asks if she will see J.A. again, but does not actually ask to visit J.A.

2

Shannon Sanders, a Family Based Safety Services worker, testified that C.A. told her that J.A. was mean and yelled, grabbed D.D.'s hair, and threatened to burn the house down. The children told Sanders that J.A. threatened to hit a tree while driving so the children would "fly through the windshield and smash into the tree." Sanders also learned of instances when J.A. threw D.D.'s homework across the yard and threatened to harm herself with a knife. Believing the children's physical and emotional well-being to be in danger, Sanders pursued an emergency order of removal. J.A. told Sanders that the children's allegations were untrue and Sanders testified that J.A. was yelling, cursing, irate, and belligerent.

Caseworker Marcella Pena testified that J.A. did not participate in services and claimed that she did not have time to participate in services. Pena testified that before the first scheduled visitation, J.A. became upset and stormed out when discussing her service plan. Pena testified that D.D. was excited to see J.A., missed J.A., and asked when she could go home. At the end of the visit, D.D. was emotional, upset, and stated she would miss J.A. During the second visit, J.A. became upset and wanted to take photographs when she noticed that the children were sunburned. When Pena intervened, J.A. began yelling at Pena and stated that the children were being abused and neglected. Pena testified that J.A. began cursing and stormed out when an investigator opined that the slight sunburns were

3

normal. J.A. called Pena a "Mexican slut." Pena testified that the children were "hysterical" during this episode.

Caseworker Angela Killian testified to two other visits, one of which was cancelled because J.A. was late and another that was shortened by J.A. Killian also testified that J.A. never completed required services. According to Killian, C.A. has anger issues, D.D. has anxiety, and both children have adjustment disorder. She testified that the children began improving after they stopped visiting with J.A. and that they had not asked to see J.A.

Supervisor Chris Vien testified that during a previous court hearing, J.A. cursed at D.A. and had to be placed in handcuffs. Vien stated that J.A. was not capable of maintaining stability and rationality. Pena testified that she has never had an interaction with J.A. in which J.A. remained rational and stable. Sanders testified that J.A. never acted normal during her interactions with Sanders.

J.A. denied cutting herself or threatening to kill herself. J.A. further denied placing a knife to her child's throat, pulling her child's hair, telling the children that she would burn the house down with them inside, or telling the children that she would hit the brakes so they would be thrown through the car windshield. She did not believe she had been verbally abusive to the children, and she testified that

her daughter was untruthful when she said that J.A. had called her bad names. J.A. believed that she is able to care for her children and is mentally stable.

J.D. and D.A. testified that it is in the children's best interest that J.A.'s parental rights be terminated. D.A. believed that J.A.'s behavior had endangered the children's emotional and physical well-being, and she opined that the children's physical health would be endangered if the children were parented by J.A. Pena did not believe that the children would be safe in J.A.'s care, and she opined that J.A.'s rights needed to be terminated. Sanders opined that J.A. is not stable, the children are afraid of J.A., and termination of J.A.'s parental rights is in the children's best interest.

## Sufficiency of the Evidence

In issue one, J.A. challenges the legal and factual sufficiency of the evidence to support termination of her parental rights. In its order of termination, the trial court found, by clear and convincing evidence, that J.A.: (1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger their physical or emotional well-being; (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the children's physical or emotional well-being; (3) failed to support the children in accordance with her ability; (4) contumaciously refused to submit to a

5

reasonable and lawful court order; (5) constructively abandoned the children; (6) failed to comply with the provisions of a court order that specifically established the actions necessary for J.A. to obtain return of the children; and (7) used a controlled substance in a manner that endangered the children's health or safety. *See* Tex. Fam. Code Ann. § 161.001(1)(D), (E), (F), (I), (N), (O), (P) (West Supp. 2012). On appeal, J.A. only challenges termination grounds (D), (E), (F), (I), and (O). For this reason, she has waived any complaint concerning the sufficiency of the evidence to support termination grounds (N) and (P). *See In the Interest of C.P.V.Y.*, 315 S.W.3d 260, 269 (Tex. App.—Beaumont 2010, no pet.).

J.A. also challenges the legal and factual sufficiency of the evidence to support the trial court's best interest finding. To challenge the factual sufficiency of the evidence, the appealing party must have first asserted the point in a motion for new trial. Tex. R. Civ. P. 324(b)(2); *In the Interest of M.S.*, 115 S.W.3d 534, 547 (Tex. 2003). To preserve a legal sufficiency challenge for appeal, the appealing party must have asserted the point by (1) a motion for instructed verdict, (2) a motion for judgment notwithstanding the verdict, (3) an objection to the submission of the issue to the jury, (4) a motion to disregard the jury's answer to a vital fact issue, or (5) a motion for new trial. *Cecil v. Smith*, 804 S.W.2d 509, 510-11 (Tex. 1991). The record does not indicate that J.A. filed a proper motion or

lodged a proper objection raising her sufficiency challenges. *See* Tex. R. Civ. P. 324(b)(2); *see also M.S.*, 115 S.W.3d at 547; *Cecil*, 804 S.W.2d at 510-11.

Appointed counsel's unexcused failure to preserve a valid sufficiency point for appeal may constitute ineffective assistance of counsel in a termination case. *In the Interest of C.T.*, No. 09-11-00694-CV, 2012 Tex. App. LEXIS 2485, at *3 (Tex. App.—Beaumont Mar. 29, 2012, no pet.) (mem. op.) (addressing sufficiency issues in a termination case when issues were not preserved and no ineffective assistance claim was raised). J.A. does not argue ineffective assistance of counsel on this basis and counsel is not automatically ineffective for failing to preserve the issues. *See id.* If counsel could have reasonably believed the evidence to be sufficient, counsel's performance does not fall below an objective standard of reasonableness merely because the verdict was not challenged. *See id.*; *see In the Interest of S.J.T.B.*, No. 09-12-00098-CV, 2012 Tex. App. LEXIS 9445, at **17-25 (Tex. App.—Beaumont Nov. 15, 2012, no pet.) (mem. op.) (addressing sufficiency issues in the context of ineffective assistance). Accordingly, we will address J.A.'s sufficiency complaint regarding the trial court's best interest finding and, in doing so, will consider the following non-exhaustive list of factors: (1) the children's desires; (2) emotional and physical needs of the children now and in the future; (3) emotional and physical danger to the children now and in the future; (4)

parental abilities of the individual seeking custody; (5) programs available to assist the individual to promote the children's best interest; (6) the individual's plans for the children; (7) stability of the home or proposed placement; (8) acts or omissions of the parent which may indicate that the existing parent-child relationship is not proper; and (9) any excuse for the acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976); *see* Tex. Fam. Code. Ann. § 263.307(b) (West 2008).

In this case, the trial court heard J.A. deny harming or threatening her children or being verbally abusive. J.A. testified that she is able to care for her children and is mentally stable to do so. She explained that she is in school, has an apartment, receives child support, and has a job. However, D.A. testified that she and her husband have had to help J.A. pay her bills on numerous occasions and that J.A. often said she could not care for her children. D.A. testified that J.A. had not provided food, clothing, or the money she received in child support to the children. The Department presented evidence that J.A. had not participated in required services.

The trial court also heard evidence that J.A. struck her children, pulled their hair, threatened to burn the house down with the children inside, cursed and yelled at the children, called the children names, threatened C.A. with a knife, threatened

8

to cause the children to be thrown through the car windshield while driving, threatened to harm herself, and behaved violently toward D.D.'s father. The trial court heard evidence of J.A.'s unstable and irrational interactions with others. C.A. and D.D. both testified to feeling afraid when living with J.A., C.A. testified that she wanted to live with D.A., and D.D. testified that it is "good" living with her grandparents. D.A. testified that C.A. never asks about J.A. and D.D. does not ask to visit J.A. C.A. testified that she feels safe at her grandmother's home, but not with J.A. Pena testified that, after J.A.'s outburst at the second visitation, the children no longer wanted to stay with J.A. Killian testified that C.A. has anger issues, D.D. has anxiety, and both children have adjustment disorder, but that the children began to improve after they stopped visiting with J.A. The trial court heard evidence that the children are doing well in their grandparents' home, that D.A.'s home would be a suitable placement for the children, and that the Department was seeking placement of the children with their grandparents. Witnesses testified that J.A. had endangered the children's physical and emotional well-being and that her parental rights should be terminated.

"[T]he prompt and permanent placement of the child in a safe environment is presumed to be in the child's best interest." Tex. Fam. Code Ann. § 263.307(a) (West 2008). The trial court could reasonably conclude that J.A. was unable to

provide a safe environment for the children. The trial court could reasonably have formed a firm belief or conviction that termination of J.A.'s parental rights was in the children's best interest. *See id.* §§ 161.001(2) (West Supp. 2012), 263.307(b); *see also In the Interest of J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002); *Holley*, 544 S.W.2d at 371-72. We overrule issue one.

Ineffective Assistance

In issue two, J.A. contends that trial counsel rendered ineffective assistance by failing to present an appropriate defense, present witnesses on J.A.'s behalf, cross-examine more witnesses on J.A.'s behalf, and fully argue the need for a continuance. J.A. complains that trial counsel agreed to the admission of exhibits that contained hearsay and hearsay within hearsay and allowed prejudicial and irrelevant evidence to be presented to the trial court.

To establish ineffective assistance, a client must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the client, such that the client was deprived of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The client must show that counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 688, 694. Our review of counsel's performance is highly

deferential and we presume that counsel's conduct falls within the range of reasonable professional assistance, including that of strategy or professional opinion. *Id.* at 689; *M.S.*, 115 S.W.3d at 549. We consider all circumstances surrounding the case and primarily focus on whether counsel performed in a "reasonably effective" manner. *M.S.*, 115 S.W.3d at 545.

The record in this case is silent regarding the reasons or strategies behind the actions of J.A.'s trial counsel. *See Walker v. Tex. Dep't of Family & Protective Servs.*, 312 S.W.3d 608, 623 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) ("We may not speculate to find trial counsel ineffective when the record is silent regarding counsel's reasons for his actions."). Moreover, J.A. cannot demonstrate that, but for the alleged errors by her counsel, the result of the termination proceeding would have been different. *See Strickland*, 466 U.S. at 694. The record contains sufficient evidence of endangerment to support the trial court's judgment. *See In the Interest of M.R.J.M.,* 280 S.W.3d 494, 502 (Tex. App.—Fort Worth 2009, no pet.); *see also In the Interest of E.A.G.,* 373 S.W.3d 129, 143 (Tex. App.—San Antonio 2012, pet. denied); *In the Interest of J.T.G.,* 121 S.W.3d 117, 125 (Tex. App.—Fort Worth 2003, no pet.). Under these circumstances, J.A. cannot satisfy both *Strickland* prongs; therefore, we overrule issue two.

11

Denial of Motion for Continuance

In issue three, J.A. challenges the denial of her motion for continuance. We review a trial court's denial of a motion for continuance for an abuse of discretion. *In the Interest of K.S.*, No. 09-12-00425-CV, 2013 Tex. App. LEXIS 2694, at *7 (Tex. App.—Beaumont Mar. 14, 2013, no pet.) (mem. op.). The trial court cannot grant a motion for continuance absent sufficient cause supported by affidavit, by consent of the parties, or by operation of law. *Id.*; Tex. R. Civ. P. 251.

On the day of trial, J.A. filed a motion for continuance, in which she alleged that she is pregnant and had been hospitalized due to complications and could not travel. Trial counsel argued for a continuance until J.A. delivered her baby and could "be present to actively participate in this proceeding." The trial court denied the motion, but granted trial counsel's request to allow J.A. to participate via telephone. During J.A.'s testimony, the trial court stopped J.A. on several occasions to admonish J.A. to answer the questions posed to her. The trial court explained that if counsel's questions and J.A.'s answers were not limited to relevant, material topics, J.A.'s testimony would not continue. The trial court eventually ended the testimony as a result of J.A.'s nonresponsive answers. On appeal, J.A. argues that the trial court abused its discretion by denying her motion

for continuance when she had been hospitalized and could not be present at trial. J.A. further complains of the trial court's decision to end her testimony.

A trial court has the authority to exercise reasonable control over the testimony of the witnesses and presentation of the evidence and has broad discretion over the conduct of the proceedings. *In the Interest of Z.C.J.*, No. 04-12-00010-CV, 2012 Tex. App. LEXIS 6937, at *8 (Tex. App.—San Antonio Aug. 22, 2012, pet. denied) (mem. op.); *In the Interest of D.S.*, 333 S.W.3d 379, 388 (Tex. App.—Amarillo 2011, no pet.). The trial court granted J.A.'s request to testify via telephone and J.A. was represented by counsel during the proceedings. We conclude that the trial court did not abuse its discretion by denying J.A.'s motion for continuance. *See generally D.S.*, 333 S.W.3d at 387-88 (Because father was allowed to testify via telephone and was represented by counsel, the trial court did not abuse its discretion by denying father's request for a bench warrant.). We overrule issue three.

Notice of Trial

In issue four, J.A. argues that she did not receive a proper notice of the trial setting. Texas Rule of Civil Procedure 245 states, in pertinent part:

> The Court may set contested cases on written request of any party, or on the court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial, or by agreement of the parties; provided, however, that when a case previously has

13

been set for trial, the Court may reset said contested case to a later date on any reasonable notice to the parties or by agreement of the parties.

Tex. R. Civ. P. 245. In August 2012, the trial court signed a permanency hearing order setting trial for January 18, 2013. In December 2012, the trial court granted a motion to withdraw filed by J.A.'s attorney. The order stated that trial was scheduled for January 17, 2013. On December 28, 2012, the Department faxed notice of the trial setting to J.A.'s former attorney.

On appeal, J.A. contends that the notice was provided too late for proper preparation for trial. The record does not indicate that J.A. presented this contention in her motion for continuance or at any other time before trial. *See In the Interest of A.H.*, No. 2-06-211-CV, 2006 Tex. App. LEXIS 10249, at \*\*3-4 (Tex. App.—Fort Worth Nov. 30, 2006, no pet.) (mem. op.) (A party must object to insufficiency of notice under rule 245 before trial; otherwise, the error is waived.). Moreover, J.A. received more than forty-five days' notice of the first trial setting. *See* Tex. R. Civ. P. 245; *see also In the Interest of B.W.F.*, No. 07-11-00511-CV, 2012 Tex. App. LEXIS 5269, at \*\*5-6 (Tex. App.—Amarillo June 29, 2012, no pet.) (mem. op.). Nor has J.A. demonstrated that the preparation time she received probably caused the rendition of an improper judgment or prevented her

14

from presenting her case to this Court. *See B.W.F.*, 2012 Tex. App. LEXIS 5269, at

**6-9. We overrule issue four and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on July 30, 2013
Opinion Delivered August 28, 2013
Before McKeithen, C.J., Kreger and Horton, JJ.