**Opinion issued December 11, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-01062-CV

_____

**BRENDA HERBERT, THE ESTATE OF HENRY BOLTON,**

**AND RUBY BOLTON, Appellants**

**V.**

**LAURA URBINA, Appellee**

---

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Case No. 2012-27671**

---

**MEMORANDUM OPINION**

Brenda Herbert, Ruby J. Bolton, and the Estate of Henry D. Bolton, deceased (collectively, the Boltons), appeal the trial court's judgment in favor of Laura Urbina, the Boltons' former employee, on her claim for breach of an oral

employment agreement, bringing legal and factual insufficiency challenges.  We hold that legally sufficient evidence supports the jury's verdict and that the Boltons waived their factual insufficiency challenge.  We therefore affirm.

## Background

In April 2010, the Boltons hired Urbina, an experienced certified nurse assistant, to provide in-home nursing care for Mr. Bolton, who was bedridden. They agreed to pay her $10 an hour to care for Mr. Bolton from four to five hours a day and to provide her with room and board.

When she arrived, Urbina found the house dirty and disordered.  In addition to her nursing duties, the Boltons asked Urbina to perform various cleaning and household chores.  During the first two weeks, Urbina worked approximately twelve to sixteen hours a day.  When Urbina received her first paycheck after three weeks, it compensated her for only five hours a day.  She confronted Mrs. Bolton about the discrepancy, and Mrs. Bolton agreed to pay her more.

The Boltons' insurance company provided Patient Care Flow Sheet forms for recording the hours that Urbina provided care for Mr. Bolton and itemizing the nursing duties she performed.  Mrs. Bolton asked Urbina to sign the blank forms and told Urbina that she would complete them later.  Each of the checks written out to Urbina was in an amount that corresponded to an itemized form.

2

Urbina had been working for the Boltons for about four months when Mrs. Bolton fell ill. By then, the Boltons were paying Urbina for eight-hour days. Urbina assumed the additional responsibility of caring for Mrs. Bolton, helping her get to the restroom and dress herself. Urbina was working seventeen- to eighteen-hour days. The Boltons also asked her to take care of the yard and occasionally to cook meals and take care of the dishes and laundry. She spoke with Mrs. Bolton about paying her for the additional responsibilities, and Mrs. Bolton again agreed to pay her more. The Boltons, however, did not fully compensate Urbina for the hours she worked. Beginning in January 2011, Urbina began keeping her own records of the hours she worked.

In 2011, Mrs. Bolton broke her hip and, as a result, needed specialized care that Urbina was not qualified to provide. In August 2011, the Boltons' daughter, Brenda Herbert, terminated Urbina's employment.

Urbina sued the Boltons, seeking unpaid wages for breach of an oral employment contract. The Boltons counterclaimed, also suing for breach of an oral employment contract.

The parties tried their claims to a jury. The charge agreed to by the parties submitted a single liability question to the jury which, in its entirety, read: "Did the Defendants fail to comply with the oral employment agreement of Urbina?" The jury answered "yes," and awarded Urbina $11,000 in compensatory damages.

The Boltons moved for judgment notwithstanding the verdict, contending that the evidence did not support the jury's verdict because the award exceeded the total of the payments reflected in the Patient Care Flow Sheets and was unsupported by other evidence. The trial court denied the motion and rendered judgment on the jury's verdict.

## Discussion

## I.     Legal Sufficiency Challenge

### A.     Standard of review

The Boltons contend that, by signing the Patient Care Flow Sheet forms, Urbina restricted her compensation to the amount shown on those sheets as a matter of law, so that the evidence is legally insufficient to support the jury's $11,000 award. In reviewing a legal sufficiency challenge to the evidence, we view the evidence in the light most favorable to the finding, crediting favorable evidence if a reasonable fact finder could, and disregarding contrary evidence unless a reasonable fact finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 822, 827 (Tex. 2005). The appellant must demonstrate that there is no evidence to support the finding when he attacks the legal sufficiency of a finding on which he did not have the burden of proof. *See Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 215 (Tex. 2011). We may not sustain a legal sufficiency or no-evidence point unless the record demonstrates that: (1) there is a

4

complete absence of a vital fact; (2) the court is barred by the rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence to prove a vital fact is no more than a scintilla; or (4) the evidence established conclusively the opposite of the vital fact. *City of Keller*, 168 S.W.3d at 810. The fact finder is the sole judge of the witnesses' credibility and the weight to give their testimony. *Id.* at 819.

## B. Analysis

The Patient Care Flow Sheet requires completion of sections entitled "Client Name" and "Caregiver Name," and it contains boxes to check for various caretaking duties performed and their frequency. It requires the signatures of both the client and the employee-caregiver with certifications accompanying each signature. The employee "certif[ies] that the hours and days shown on this Patient Care Flow Sheet Weekly Pay Documentation is the exact amount of hours and days worked by [the employee] during the week indicated, and were properly certified by the client." The certification admonishes that "[a]ny person who knowingly and with intent to injure, defraud, or deceive any insurance company . . . is subject to criminal prosecution." The Boltons contend that the forms signed by Urbina constitute an unambiguous written agreement that cannot be varied with other evidence.

Both sides pleaded breach of an oral employment agreement, however, and neither objected to submission of that claim to the jury. We therefore address the sufficiency of the evidence in light of the charge given to the jury. *See Osterberg v. Peca*, 12 S.W.3d 31, 55 (Tex. 2000) (explaining that when charge is submitted without objection, sufficiency of evidence is measured against charge given).

That evidence included more than the written care flow sheet forms. Undisputed evidence shows that Urbina performed housekeeping duties in addition to the caregiving duties she provided to Mr. Bolton. The flow sheets do not address Urbina's housekeeping duties. The dispute at trial centered on the number of hours Urbina worked performing these housekeeping duties, for which the Boltons owed Urbina payment. Urbina's testimony and her handwritten records support the jury's award. The jury's verdict in favor of Urbina reflects a credibility determination that we may not disturb on appeal. *See City of Keller*, 168 S.W.3d at 819. We hold that legally sufficient evidence supports the jury's findings.

## II. Factual Sufficiency Challenge

The Boltons also contend that the evidence is factually insufficient to support the verdict. The Boltons, however, failed to present a motion for new trial challenging the factual sufficiency of the complained-of evidence. Their failure to raise their factual sufficiency challenge in a motion for new trial waives their

6

complaint.  *See* TEX. R. CIV. P. 324(b)(2); *Cecil v. Smith*, 804 S.W.2d 509, 512 (Tex. 1991).

## Conclusion

We hold that legally sufficient evidence supports the jury's verdict and that the Boltons waived their factual sufficiency challenge.  We therefore affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.