

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00080-CV

_____

IN THE INTEREST OF N.N.G., A CHILD

On Appeal from the County Court at Law
Lamar County, Texas
Trial Court No. 85116

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Following a jury trial, Father's parental rights to his child, N.N.G., were terminated. On appeal, Father argues that the evidence is legally and factually insufficient to support the jury's finding that termination of his parental rights was in the child's best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(2) (West Supp. 2017). Because we find that Father has failed to preserve these issues for appeal, we affirm the trial court's judgment.

We have previously held that,

> [a]s a prerequisite to bringing a legal sufficiency challenge in a parental-rights termination appeal following a jury trial, a parent must raise the legal sufficiency challenge with the trial court in either: "(1) a motion for instructed verdict; (2) a motion for judgment notwithstanding the verdict (JNOV); (3) an objection to the submission of the question to the jury; (4) a motion to disregard the jury's answer to a vital fact question; or (5) a motion for new trial."

*In re A.L.*, 486 S.W.3d 129–30 (Tex. App.—Texarkana 2016, no pet.) (quoting *In re C.Y.*, No. 02-15-00152-CV, 2015 WL 6394559, at *2 (Tex. App.—Fort Worth Oct. 22, 2015, no pet.) (mem. op.) (citing *In re D.J.J.*, 178 S.W.3d 424, 426–27 (Tex. App.—Fort Worth 2005, no pet.))). Here, because Father failed to challenge the legal sufficiency of the evidence supporting the jury's verdict in any of the manners specified above, or otherwise before the trial court, we find that he has failed to preserve his legal sufficiency challenge for appeal.

In addition, the Texas Rules of Civil Procedure require the filing of a motion for new trial as a prerequisite to asserting on appeal the factual sufficiency of the evidence to support a jury finding. *Id.* at 30 (citing *In re O.M.H.*, No. 06-12-00013-CV, 2012 WL 2783502, at *2 (Tex. App.—Texarkana July 10, 2012, no pet.) (mem. op.); *see* TEX. R. CIV. P. 324(b)(2); *Cecil v. Smith*, 804 S.W.2d 509, 512 (Tex. 1991)). Where, as here, there is no motion for new trial raising factual

sufficiency challenges to the jury's verdict, "[f]actual sufficiency is not preserved for appeal." *Id.* (quoting *O.M.H.*, 2012 WL 2783502, at *2) (footnote omitted) (citing *In re M.S.*, 115 S.W.3d 534, 547 (Tex. 2003)); *see In re L.G.D.*, No. 06-17-00061-CV, 2017 WL 4507673, at *1 (Tex. App.—Texarkana Oct. 10, 2017, no pet.).

Father's points of error regarding legal and factual sufficiency are overruled. Accordingly, we affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     November 27, 2017
Date Decided:       December 6, 2017

3