In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-16-00113-CV**
_____

**GLEN COMEAUX AND GWENDOLYN COMEAUX, Appellants**

**V.**

**NECHES FEDERAL CREDIT UNION AND DARRICK MCGRIFF, INDIVIDUALLY AND D/B/A ABC CONTRACTING, INC., Appellees**

**On Appeal from the 136th District Court**
**Jefferson County, Texas**
**Trial Cause No. D-194,520**

**MEMORANDUM OPINION**

This is an appeal from a take-nothing judgment rendered in favor of Neches Federal Credit Union (NFCU) and Darrick McGriff, individually and doing business as ABC Contracting, Inc., on all of Glen and Gwendolyn Comeauxs' claims arising from a project that involved the construction of a house. In a pro se brief, the

1

Comeauxs complain that the jury's conclusion that they were not damaged by ABC Contracting's failure to complete its work on their house is unfair.

The record shows that the Comeauxs failed to preserve the various complaints they seek to raise for the first time in their appeal. *See* Tex. R. App. P. 33.1 (preserving error for appellate review requires the complaining party to show that he presented his complaint to the trial court in a timely request, objection, or motion and that the trial court ruled on the request). Accordingly, we affirm the trial court's judgment.

## Background

In mid-April, 2012, the Comeauxs and McGriff, doing business as ABC Contracting, signed a construction agreement that required ABC Contracting to construct a house for $260,000. Approximately two weeks later, the Comeauxs, McGriff, and NFCU signed a construction loan agreement pertinent to constructing the house. The agreement called for NFCU to loan the Comeauxs $250,000 toward the construction of the house, and required the proceeds of the loan to be disbursed as the work was completed. The loan proceeds were also to be used to pay for the labor and materials that McGriff used in constructing the house, and the house was to be built on a lot the Comeauxs owned. The Comeauxs signed a deed of trust in NFCU's favor to secure the loan.

In August 2015, the Comeauxs sued NFCU and McGriff, alleging that McGriff abandoned the job before the house was completed. They also alleged that NFCU allowed McGriff to draw the entire proceeds from their construction loan even though NFCU knew or should have known that McGriff did not plan to use the funds for the labor or material needed in the construction of their house. At the conclusion of a jury trial, issues were submitted to the jury based upon the Comeauxs' claims for breach of contract, fraud, and negligence. The jury answered the issues, and found that McGriff breached his contract with the Comeauxs, that his breach was not excused, that he committed fraud, and that he was negligent. The jury answered "no" to questions inquiring whether NFCU had breached its contract with the Comeauxs, committed fraud, or acted negligently in handling the Comeauxs' loan. Although the jury found in the Comeauxs' favor on the liability issues relevant to McGriff, the jury also found they were entitled to recover no damages against McGriff.

Following the jury's verdict, the Comeauxs did not file any post-trial motions, including a motion for judgment non obstante veredicto or a motion for new trial. *See* Tex. R. Civ. P. 301 (authorizing a court on a proper showing and motion to render a judgment notwithstanding the jury's verdict); Tex. R. Civ. P. 320 (allowing a court to grant new trials on a party's motion or on the court's own terms as the

court shall direct). Based on the arguments the Comeauxs present in their brief, they raise three basic claims in their appeal, claiming (1) the overwhelming weight of the evidence contradicts the jury's finding in favor of NFCU, (2) the evidence established that NFCU damaged them, and (3) the jury's findings that McGriff did not damage them are contrary to the greater weight and preponderance of the evidence introduced in the trial.

Analysis

In a case tried to a jury, to complain on appeal that a jury finding is not supported by factually sufficient evidence, or that a finding is against the greater weight and preponderance of the evidence, a party must have first raised the matter in a motion for new trial. *See* Tex. R. Civ. P. 324(b)(3); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 281 (Tex. 1994); *Cecil v. Smith*, 804 S.W.2d 509, 510 (Tex. 1991). Parties to an appeal are required to raise factual sufficiency complaints about a jury's verdict with the trial court before they can be reviewed on appeal. *See* Tex. R. App. P. 33.1(a). Because the record shows the Comeauxs did not bring their complaints about the jury's verdict to the trial court's attention in an appropriate post-trial motion, we conclude they failed to preserve their issues for our review. We overrule the Comeauxs' issues and affirm the trial court's final judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on November 15, 2017
Opinion Delivered January 11, 2018

Before McKeithen, C.J., Kreger and Horton, JJ.