**Affirmed and Majority and Dissenting Opinions filed June 12, 2012.**



**In The**

# Fourteenth Court of Appeals
_____

**NO. 14-10-01224-CV**
_____

**ANDREW HAUT, Appellant,**

**V.**

**GREEN CAFE MANAGEMENT, INC. AND ALABAMA GREEN, LLC, Appellees.**

**On Appeal from the 270th District Court**
**Harris County**
**Trial Court Cause No. 2009-63168**

## DISSENTING OPINION

I respectfully dissent, in part,[1] because the majority invokes a presumption of an incomplete record against Haut when (1) there is nothing to suggest that the evidentiary record is incomplete; (2) appellees have not urged this court, by their brief or in a motion, to make such a presumption; and (3) because we have an incomplete clerk's record, we do not know what portions of the trial record were requested. In addition, I would hold that Haut has no fiduciary duty as a matter of law.

---

[1] I agree with majority's opinion as to standing and the failure to file findings of fact.

## 1. The evidentiary record appears complete.

In Part II. B. of its opinion, the majority states, "As GCM and Alabama Green point out, Haut filed only a partial reporter's record in this court." While this is true, GCM and Alabama Green only note that the record did not include the charge conference. GMC and Alabama Green go on to state that "when the appellant files a partial reporter's record, the appellate court must presume the partial record is the entire record for purposes of reviewing the appellant's designated issues." GCM and Alabama Green never complained that they did not receive a statement of points or issues under Texas Rule of Appellate Procedure 34.6(c)(1).

Our court has not required a statement of points under rule 34.6(c)(1) when the only part of the record that is missing is non-evidentiary. *See W & F Transp., Inc. v. Wilhelm*, 208 S.W.3d 32, 40–41 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (omission of closing argument). What is missing in this case—voir dire, opening statement, objections to the charge, and closing arguments—are all part of the non-evidentiary record in the case. Under our own precedent, we should not apply rule 34.6(c)(1).

The majority strains to find the evidentiary record incomplete. The majority first relies on the court reporter's certification that she provided "a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel *for the parties*"[2] (emphasis added). Next the majority notes that the record ends when the defense rested, and then proceeds to wonder whether there might have been rebuttal or surrebuttal[3] evidence. This is a complete guess bolstered by a computer generated docket-sheet entry, which constitutes no evidence at all. *See Rush v. Barrios*, 56 S.W. 3d 88, 95 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (an appellate court may not

---

[2] The requests are not in the record. *See* TEX. R. APP. P. 34.5(a)(9) (unless the parties designate the appellate record by agreement, the trial court clerk must include in the clerk's record any request for a reporter's record).

[3] The majority has to reach to surrebuttal evidence in order to find that there could be missing evidence favorable to appellees.

2

consider docket entries since they are only made for the clerk's convenience and are usually unreliable). What we do have is a reporter's record that starts with the judge requesting that Haut call his first witness and ends with "the defense rests." GCM and Alabama Green never state that any evidence is missing. While it is true that we do not have opening statements, objections to the charge, or closing arguments, we have a complete evidentiary record. In the absence of a complaint by GCM and Alabama Green as to the evidence, I would not presume that there is any missing evidence that supports the trial court's judgment.

The cases on which the majority relies do not support its holding. In *Bennett v. Cochran*, 96 S.W.3d 227, 229–30 (Tex. 2002) (per curiam), the Texas Supreme Court reversed *our own court* for applying Rule 34.6(c)(1) when an appellant did not timely file his statement of points or issues on appeal. The court noted that the appellee did not allege that he was deprived of an opportunity to designate additional portions of the record or that the delay prejudiced his preparation or presentation of the case. In the present case, the appellees have made no complaint at all, let alone a showing of prejudice. And the court reporter has certified that the record includes all evidence requested by the *parties* (which presumably includes any request by GCM and Alabama Green).

In *Mason v. Our Lady Star of the Sea Catholic Church*, 154 S.W.3d 816, 819 (Tex. App.—Houston [14th Dist.] 2005, no pet.), the appellant only requested that the court reporter transcribe objections to the charge and closing arguments. She did not request any evidence at all. The court held that in order to evaluate appellant's claims for charge error and improper jury argument that it needed to review the evidentiary record. This is a proper application of the presumption—without any evidence, it was impossible for the court to review the issues before it.

**2.     GMC and Alabama Green have not argued that any evidence is missing.**

GMC and Alabama Green have not argued that any evidence is missing. GCM and Alabama Green never complained that they did not receive a statement of points or issues

3

under Texas Rule of Appellate Procedure 34.6(c)(1), nor do they argue that we must presume the missing material supports the trial court's judgment. Instead they argued only that Haut's evidentiary argument on breach of fiduciary duty must be governed by the charge as given, because Haut did not include objections to the court's charge in the record. We should not impose an unasked-for presumption in this case.

**3.      The clerk's record is incomplete.**

Unless the parties are proceeding on an agreed record, it is mandatory that the clerk of the trial court include "any request for a reporter's record, including any statement of points or issues under Rule 34.6(c)," even if the appellant did not ask that it be included in the record. *See* TEX. R. APP. P. 34.5(a)(9). If an omitted item is relevant, the appellate court should direct the trial court clerk to supplement the record. *See* TEX. R. APP. P. 34.5(c)(1). This is not an appeal on an agreed record. Nevertheless, the majority is treating the omitted material as relevant under Rule 34.6(c), even though the court has not ordered the clerk's record supplemented as per Rule 34.5(c)(1). The omitted request for the reporter's record *might* contain a statement of issues, or the record might have been designated by both parties (as the court reporter's certificate seems to imply) so that we must presume that it contains all relevant evidence. *See* TEX. R. APP. P. 34.6(c)(4). We simply cannot know, because we have not directed the trial court clerk to file a supplement containing all requests for all or part of the reporter's record to be included in the record in this appeal. *See* TEX. R. APP. P. 34.5(d) ("If the clerk's record is defective or inaccurate, the appellate clerk *must* inform the trial court clerk of the defect or inaccuracy and instruct the clerk to make the correction.") (emphasis added). We should not imply a presumption in the face of an incomplete clerk's record.

**4.      Haut has no fiduciary duty as a matter of law.**

Haut contends that as a matter of law he does not owe either a formal or an informal fiduciary duty to either company and there is no evidence to support the imposition of any fiduciary duty. Haut points out that it is undisputed that he was not a director, officer, or

manager of either GCM or Alabama Green. Nor was he an accountant or attorney for either company. Haut contends he was merely a co-founder and minority-interest holder in both companies and therefore owed no formal fiduciary duty to the companies. He also argues that no informal fiduciary duty was created because there was no preexisting relationship of trust and confidence between himself and the companies.

Fiduciary duties arise either from certain formal relationships or from the existence of an informal or confidential relationship between the parties. *See Meyer v. Cathey*, 167 S.W.3d 327, 330 (Tex. 2005); *Ins. Co. of N. Am v. Morris*, 981 S.W.2d 667, 674 (Tex. 1998). Fiduciary duties arise as a matter of law in certain formal relationships such as that of attorney and client. *Meyer*, 167 S.W.3d at 330. In contrast, an informal fiduciary duty may arise from a moral, social, domestic, or purely personal relationship of trust and confidence. *Id.*; *Associated Indem. Corp. v. CAT Contracting, Inc*., 964 S.W.2d 276, 287 (Tex. 1998). But courts "do not create such a relationship lightly." *Schlumberger Tech. Corp. v Swanson*, 959 S.W.2d 171, 177 (Tex. 1997).

It is well settled that "not every relationship involving a high degree of trust and confidence rises to the stature of a fiduciary relationship." *Meyer*, 167 S.W.3d at 330. Mere subjective trust does not, as a matter of law, transform arm's-length dealing into a fiduciary relationship. *Schlumberger Tech. Corp.*, 959 S.W.2d at 177. Further, to impose an informal fiduciary duty in a business transaction, the special relationship of trust and confidence must exist before and apart from the agreement made the basis of the suit. *Willis v. Donnelly*, 199 S.W.3d 262, 277 (Tex. 2006); *Meyer*, 167 S.W.3d at 331; *Associated Indem. Corp.*, 964 S.W.2d at 288.

When the evidence is disputed, the existence of an informal confidential relationship is a question of fact. *Lee v. Hasson*, 286 S.W.3d 1, 14 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). But when the underlying facts are undisputed, determination of the existence, and breach, of fiduciary duties are questions of law, exclusively within the province of the court. *Meyer*, 167 S.W.3d at 330.

5

### (a)     *Haut preserved this point of error.*

As an initial matter, GCM and Alabama Green suggest that Haut has waived his issue because there is no evidence he objected to the jury charge on fiduciary duty and he did not include the charge conference as part of the reporter's record on appeal.

Concerning the existence of a fiduciary duty, the jury was asked the following:

> Did a relationship of trust and confidence exist between Andrew Haut and either of the parties below?

> A relationship of trust and confidence existed if Alabama Green, LLC or Green Café Management, Inc. justifiably placed trust and confidence in Andrew Haut to act in their best interest. Alabama Green, LLC and Green Café Management, Inc.'s subjective trust and feelings alone do not justify transforming arm's length dealings into a relationship of trust and confidence.

The jury answered affirmatively as to both GCM and Alabama Green.

Significantly, the trial court did not instruct the jury that a preexisting relationship of trust and confidence must exist before an informal fiduciary duty may arise. *See Willis*, 199 S.W.3d at 277; *Meyer*, 167 S.W.3d at 331.

Generally, the sufficiency of the evidence must be measured by the jury charge when there has been no objection to it. *Romero v. KPH Consol., Inc.*, 166 S.W.3d 212, 221 (Tex. 2003); *Osterberg v. Peca*, 12 S.W.3d 31, 55 (Tex. 2005). GCM and Alabama Green are correct that Haut did not include the charge conference in the appellate record. The clerk's record, however, contains a proposed instruction on fiduciary duty that includes an instruction concerning the requirement of a pre-existing special relationship of trust and confidence.[4] The record reflects that the trial court rejected the proposed instruction. Even rejecting that record, as the majority does because we do not know when the trial court signed that rejection, Haut still preserved error.

---

[4] The proposed instruction on fiduciary duty provides in relevant part: "To impose an informal fiduciary duty in a business transaction, the special relationship of trust and confidence must exist prior to, and apart from the agreement made the basis of the suit."

6

Haut moved for a judgment notwithstanding the verdict arguing that GCM and Alabama Green had presented no evidence that Haut owed them either a formal or an informal fiduciary duty. As part of this complaint, Haut cited authority for the proposition that a preexisting relationship of trust and confidence is required when the claims arise from a business transaction, and he argued that he "owed no informal fiduciary duty to Defendants because there was no prior special relationship of trust and confidence."

Haut's proposed instruction and motion for JNOV were sufficient to make the trial court aware of his complaint that as a matter of law he owed no fiduciary duty to GCM and Alabama Green. This court has previously held that a party may preserve a no-duty challenge by one or more of the following methods: (1) a motion for directed verdict, (2) a motion for judgment notwithstanding the verdict, (3) an objection to the submission of the question to the jury, (4) a motion to disregard the jury's answer to a vital fact question, or (5) a motion for new trial. *Battaglia v. Alexander*, 93 S.W.3d 132, 140 (Tex. App.—Houston [14th Dist.] 2002), *rev'd on other grounds*, 177 S.W.3d 893 (Tex. 2005); *see also Cecil v. Smith*, 804 S.W.2d 509, 510–11 (Tex. 1991) (listing methods for preserving "no evidence" challenge). Accordingly, I would hold that Haut has adequately preserved his argument that there is no evidence to support the imposition of an informal fiduciary duty on him.

### (b)     *He has no duty as a matter of law.*

As noted above, Haut contends there was no evidence that he had any special relationship of trust and confidence with GCM and Alabama Green before, and apart from, the agreements made the basis of the suit. *See Willis*, 199 S.W.3d at 277; *Meyer*, 167 S.W.3d at 331. GCM and Alabama Green argue that Haut, a law student, represented that he was competent and qualified to draft operative legal documents and give legal advice for and on behalf of the companies. The companies point to evidence that Haut advised them and drafted legal documents for them in exchange for compensation in the form of equity—despite his lack of experience and despite the fact that he was not licensed to

practice law at the time the companies were formed. They also point to evidence that GCM was set up as a franchisor and Alabama Green was set up as a franchisee based on Haut's "unlicensed advice" even though the original three founders—Molzan, Marques, and Guillerman—only wanted to set up a prototype store. Further, GCM and Alabama Green contend that Haut took on the obligation to draft complicated legal documents on behalf of the companies "and was entrusted to do so." They point out that Haut testified he had a history of working with Marques and he "indicated that the parties acted as a group of friends." Consequently, they argue, Haut's role extended "well beyond" a simple arm's-length business transaction.

To reinforce this contention on appeal, GCM and Alabama Green assert that Haut's alleged actions constitute the unauthorized practice of law. S*ee* TEX. GOV'T CODE § 81.101 (defining the "practice of law" and generally prohibiting persons not members of the state bar from practicing law in Texas). They note that if Haut had been the companies' attorney, a formal fiduciary duty would have existed as a matter of law. *See Meyer*, 167 S.W.3d at 330. The companies appear to suggest, without citing any authority, that Haut's alleged unauthorized practice of law imposed an informal fiduciary duty on him.

The jury, however, was not instructed that Haut engaged in the unauthorized practice of law, and no evidence was presented showing that Haut's allegedly wrongful conduct had been determined to constitute the unauthorized practice of law in an earlier civil or criminal proceeding. The subject was touched on only briefly during Marques's testimony, and he admitted that he was not qualified to opine on what constitutes the unauthorized practice of law. In any event, the allegation does not dispense with the requirement that the companies demonstrate Haut owed them a duty based on the existence of a relationship prior to, and apart from, the agreements made the basis of the suit.

Although there was testimony that Marques and Haut had been friends and business acquaintances for several years and that Marques had shared other business plans with Haut in the past, there was no evidence suggesting that a relationship of trust and

8

confidence existed before Marques approached Haut about the green-restaurant concept. And Haut did not even know Molzan and Guillerman before he became involved in the business plan for the restaurant. Further, Marques and Molzan acknowledged that they knew Haut was not a lawyer and he did not claim to be a lawyer at the time he participated in the formation of the companies. Testimony regarding the subjective beliefs of Marques and Molzan is not sufficient to impose a duty on Haut on these facts. *See Meyer*, 167 S.W.3d at 331 (refusing to impose fiduciary duty when parties to business project had been friends and frequent dining partners for four years as well as participants in earlier projects); *Schlumberger*, 959 S.W.2d at 177 ("Again, the fact that the parties to a transaction trust one another will not, in and of itself, establish a finding of a confidential relationship.").

I would hold that on this record there is no evidence Haut owed GCM and Alabama Green an informal fiduciary duty based on a relationship of trust and confidence.

Accordingly, I dissent.

/s/ Tracy Christopher
Justice

Panel consists of Justices Frost, Brown, and Christopher (Brown, J., majority).

9