**Opinion issued March 17, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00314-CV

_____

**HASEEB BUTT, Appellant**

**V.**

**SAJID KHAN NIAZI, AYESHA KHAN, AMIRA SOUSSA AND
DUNCANVILLE REAL ESTATE, LLC, Appellees**

---

**On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2011-22642**

---

### MEMORANDUM OPINION

Haseeb Butt sued Sajid Khan Niazi, Ayesha Khan, Amira Soussa, and Duncanville Real Estate, LLC for fraud and breach of a settlement agreement. A jury found against Butt. Butt moved for a new trial, which the trial court denied. On appeal, Butt contends that the trial court erred in denying the motion for new

trial because he conclusively proved fraud and breach of the agreement, and because the jury's verdict is against the weight of the evidence. Finding no error, we affirm.

## Background

In October 2007, Butt and Niazi formed Duncanville Real Estate, LLC, registered in Houston. Through Duncanville, the parties purchased the Chammeyville Car Wash in Dallas County, borrowing approximately $2 million from Innovative Bank. Niazi personally guaranteed the loan. Ayesha Khan prepared minutes for a meeting of the company's members, and she also personally guaranteed the Innovative Bank loan.

In June 2010, Butt sued Niazi, Khan, and Soussa in Dallas County. In September, the parties agreed to settle the Dallas suit, but the settlement fell apart. The failed settlement led to this Harris County suit.

## Discussion

### I. Legal and Factual Sufficiency

Butt challenges the evidentiary sufficiency of the jury's verdict.

*Standard of Review*

When a party attacks the legal sufficiency of an adverse finding on which he has the burden of proof, he "must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue." *Dow Chem.*

*Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam). We consider all of the evidence in the light most favorable to the verdict, and we indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). In determining whether legally sufficient evidence supports the finding under review, we consider evidence favorable to the finding, if a reasonable fact finder could consider it, and disregard evidence contrary to the finding, unless a reasonable fact finder could not disregard it. *Id.* at 827.

When a party attacks the factual sufficiency of an adverse finding on an issue on which he has the burden of proof, he "must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence." *Francis*, 46 S.W.3d at 242. In reviewing a factual sufficiency challenge, we consider all of the evidence and set aside a verdict only if the evidence is so weak that the finding is clearly wrong and unjust. *Id.*

The jury is the sole judge of the credibility of the witnesses and the weight of their testimony. *City of Keller*, 168 S.W.3d at 819. The jury may believe one witness and disbelieve another as it resolves inconsistencies in the testimony. *Id.* at 819–20.

### 1. Fraud

In his first and third issues, Butt challenges the legal and factual sufficiency of the evidence to support the jury's verdict against his claim for fraud. Butt

claimed that Niazi and Khan misrepresented Butt's ownership interest in Duncanville in corporate meeting minutes and in connection with obtaining a loan. Khan produced multiple sets of corporate minutes of a meeting with the members of Duncanville Real Estate. Butt alleged that he and Niazi had agreed to divide ownership of Duncanville's shares equally, but certain of these minutes falsely reflect that Butt's ownership interest stood at 15%, with Niazi holding the other 85%. Butt further contends that Niazi defrauded him by listing Butt as a 15% owner in an application for a business loan with the U.S. Small Business Administration (SBA).

> The elements of fraud are:
>
> (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.

*Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011) (quoting *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009) (per curiam)).

At trial, Niazi testified that Butt did not qualify for the loan that Duncanville used to purchase the car wash. Because the lender prohibited a non-qualified borrower from owning more than 15% of the business, the parties agreed that Niazi would own 85% of the company and Butt would own 15%. Butt and Niazi

4

attended the closing and submitted documents reflecting this 85%-15% ownership split. Niazi personally guaranteed the loan, while Butt did not. The certified public accountant advised the parties to file taxes according to the share distribution reflected in their loan application.

Niazi acknowledged that the parties had an agreement to divide the profits and losses of the business equally between them, even though they applied for the loan on an 85%-15% basis. Niazi further conceded that Khan made three versions of the LLC meeting minutes: (1) one demonstrating an equal division of ownership that the lender rejected, (2) one demonstrating the 85%-15% division that the lender approved, and (3) one showing the first version with a notary seal and signatures of the parties. Niazi testified, however, that Butt insisted on the third version solely to secure their agreement to share profits and losses equally. Butt responded during the trial that he and Niazi had agreed to divide the equity shares of the company equally, not just the profits.

In light of the conflicting evidence presented, a reasonable jury could have disregarded Butt's testimony that he and Niazi had agreed to an equal division of ownership. Butt has not demonstrated the second element of fraud as a matter of law, because the jury could have credited contrary evidence that the parties had agreed to the 15/85 equity division in connection with obtaining a loan. *See id.*; *City of Keller*, 168 S.W.3d at 827; *Francis*, 46 S.W.3d at 241. Butt also has not

conclusively proven the fifth element of fraud, because a reasonable jury could have found that Butt did not rely on any misrepresentation, in that he knew that the second set of meeting minutes supported the loan application. *See id.* Because Butt did not meet his burden to show fraud as a matter of law, we reject his challenge to the jury's finding.

To show factual insufficiency of the jury's finding, Butt must demonstrate that the jury's finding was against the great weight and preponderance of the evidence. *See Francis*, 46 S.W.3d at 242. Here, the evidence is not so weak as to conclude that the jury's finding was unjust. *See id.* Niazi's testimony and loan documentation adduced at trial supported a finding that the parties agreed to divide ownership of the company 85%-15%, and this equity division was disclosed in the loan application and in tax filings. Because Butt did not meet his burden to show that the jury's finding of lack of fraud is against the great weight and preponderance of the evidence, we hold that the evidence supporting the jury's finding was factually sufficient.

### 2. *Witness Credibility*

Butt also asks that we reverse the cause because the defense witnesses perjured themselves. He contends that there was insufficient evidence at trial for a jury to conclude that the appellees were telling the truth about the agreement to divide equity in the company 15%-85%. Butt also argues that Niazi created a false

loan application, when, after the loan application was denied, he kept the original date on the application when he later re-applied for the loan and added a tax ID.

Butt failed to present a claim to the jury for perjury, the trial court did not charge the jury on a perjury claim, and Butt did not obtain a ruling on an objection to the jury charge that it was not included; thus, he has not preserved a claim for perjury on appeal. *See State Dep't of Hwys. & Pub. Transp. v. Payne*, 838 S.W.2d 235, 241 (Tex. 1992) ("There should be but one test for determining if a party has preserved error in the jury charge, and that is whether the party made the trial court aware of the complaint . . . and obtained a ruling."). More fundamentally, the jury found against him. The jury is the sole judge of the credibility of the witnesses, and the jury may believe one witness over another to resolve inconsistencies in the testimony. *See City of Keller*, 168 S.W.3d at 819–20. The jury believed Niazi and Khan's testimony and about the nature of the parties' agreements; therefore, we overrule Butt's challenge to the verdict based on perjury. *See id.*

*3. Breach of Settlement Agreement*

Next, Butt challenges the legal and factual sufficiency of the evidence to support the jury's verdict against his claim for breach of the settlement agreement. To preserve a legal sufficiency challenge after a jury trial, a party must (1) move for an instructed verdict, (2) move for a judgment notwithstanding the verdict, (3) object to the submission of the jury question, (4) move to disregard the jury

finding, or (5) move for a new trial. *Cecil v. Smith*, 804 S.W.2d 509, 510–11 (Tex. 1991). To preserve a factual sufficiency challenge to a jury finding or a complaint that a jury finding is against the great weight and preponderance of the evidence, a party must move for a new trial. TEX. R. CIV. P. 324(b)(2) & (3); *Cecil*, 804 S.W.2d at 510.

Butt did not challenge the jury's finding on his breach of contract claim in his motion for new trial. Additionally, nothing in the record indicates that Butt preserved a legal sufficiency challenge to the take-nothing finding on his breach of contract claim by moving for an instructed verdict, moving for a judgment notwithstanding the verdict, objecting to the submission of a jury question, or moving to disregard a jury finding. We hold that Butt did not preserve his challenges to the verdict on the breach of contract claim in the trial court; accordingly he has waived them. *See id.*

**II. Response to Motion for New Trial**

Lastly, Butt contends that the trial court erred in denying his motion for new trial because the appellees did not deny "a number of issues and circumstantial evidence" in response to his motion for new trial. Butt does not provide support for this argument. "A brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Rule 38 requires Butt to provide us with a discussion of the

facts and authorities relied upon to maintain his appellate challenge. *Id.*; *see also Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) ("Rule 38 requires [a party] to provide . . . [a] discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue."). Because Butt does not provide an argument or citations to legal authority and the record to support his argument we hold that this claimed error is waived. *See id.*

## Conclusion

We hold that sufficient evidence supports the jury's verdict. The remaining appellate challenges were waived. We affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Massengale.