In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-19-00286-CV**

**PATRICIA HAYES DONALSON, INDEPENDENT EXECUTRIX OF THE ESTATE OF GEORGE E. HAYES, Appellant**

**V.**

**JERRY HARRINGTON, INDIVIDUALLY AND AS INDEPENDENT EXECUTOR OF THE ESTATE OF BETTY JO HAYES, Appellee**

**On Appeal from the County Court at Law No. 1
Jefferson County, Texas
Trial Cause No. 117707**

## MEMORANDUM OPINION

Patricia Hayes Donalson appeals the trial court's final judgment based on a jury verdict in favor of Jerry Harrington.[1] In three issues, Donalson argues: (1) Harrington is not entitled to attorney's fees both as a matter of law and based on a

---

[1] Jerry Harrington passed away during the pendency of this appeal. The appeal was abated, and the trial court appointed Thomas Amidee Morgan as the successor executor of Betty Jo Hayes's estate.

1

lack of evidence at trial; (2) there is legally and factually insufficient evidence to support the jury's findings of zero damages for Harrington's breach of fiduciary duty; and (3) there is legally and factually insufficient evidence to support the jury's finding of estoppel and ratification as affirmative defenses to Harrington's breach of fiduciary duty. Harrington also raises one cross-point on appeal, challenging the jury's breach of fiduciary duty findings. For the following reasons, we affirm the trial court's judgment.

## Background

The underlying litigation involves a suit for declaratory judgment and will contest. In 1998, Betty Jo drafted a will leaving everything to her husband, George. In the event that George predeceased her, half of Betty's property would go to her only living son, Harrington, and the other half would go to George's sister, Donalson. On November 15, 2016, Betty Jo executed another will, leaving her entire estate to Harrington. At the time Betty Jo executed this will, the record showed she suffered from many health problems, including the early stages of Alzheimer's.

According to Harrington, Betty Jo wanted to execute a new will, so he found her a lawyer. Harrington testified that he drove Betty Jo to the lawyer's office, and he characterized her mental state as "good" when he took her to execute the will. Harrington did not tell George that Betty Jo executed a new will. The attorney who prepared the will also testified at trial. The attorney stated that she visited with Betty

2

Jo before drafting the will and believed Betty Jo understood what she was signing and where her property was going. The attorney also testified that based on her observation, Harrington was not trying to get his mother to sign a will in his favor and in fact, cautioned her to make certain she wanted to do it before she signed. The attorney also explained that Betty Jo directed all her property to go to Harrington instead of George, and Betty Jo "was very clear in her intent[.]"

Betty Jo died on May 4, 2017. Thereafter, Harrington applied to probate the new will and obtain the issuance of letters testamentary. Harrington also filed a declaratory judgment action against George, seeking to have the Hayses' bank accounts, IRA accounts, and home declared community property, with one-half belonging to Betty Jo. Harrington also sought injunctive relief to prevent George from spending or transferring the property. Harrington sought attorney's fees pursuant to Texas Civil Practice and Remedies Code section 37.009 and Texas Probate Code section 352.052.

George died before trial; his sister and sole heir, Donalson, was named executrix of his estate. Donalson had also been named as the successor executrix under Betty Jo's 1998 will and a contingent beneficiary if George predeceased Betty Jo. Donalson counterclaimed for declaratory judgment that Harrington committed fraud and depleted the community estate and sought damages for breach of fiduciary duty. She also filed a separate opposition seeking to invalidate the November 2016

3

will and to instead have the 1998 will admitted to probate. Prior to trial, Harrington filed a no evidence motion for summary judgment on his declaratory judgment action to have the specified property declared community property, which the trial court granted.

When Betty Jo died, Harrington was her only living child and George's stepson. George and Betty Jo had been married since the late 1970s. George retired from Gulf States, while Betty Jo retired from Texaco. They also received Social Security benefits. Both George and Betty Jo suffered from numerous health problems. Neither of them could drive, and they required assistance from home health nurses that came into the home multiple times a week. Harrington saw Betty Jo every day and despite Betty Jo's health problems, he did not believe there was anything wrong with her mentally, but he occasionally reported to doctors she was confused.

Despite not working for more than eight years, Harrington testified he obtained employment on a construction job but did not take it so he could take care of George and Betty Jo, which was what George wanted. Harrington testified that he took them to see doctors, picked up medications for them, mowed their grass, and bought groceries for them. He testified that his monthly bills were $1900, and that was what George paid him per month. The evidence also established that George

4

would sign blank checks and give them to Harrington to fill out. There was also testimony at trial that George paid for some home repairs to Harrington's house.

The trial court submitted thirteen issues to the jury. The jury found that Betty Jo had testamentary capacity to execute the November 2016 will and Harrington had not unduly influenced her to execute the will. The jury found that a relationship of trust and confidence existed between George and Betty Jo and Harrington and that Harrington failed to comply with that relationship. The jury found that when George signed the blank checks, he did not have full knowledge of all material facts related to the breach of fiduciary duty. However, the jury also found that George ratified Harrington's conduct after he did obtain full knowledge of the facts and that his estate was estopped from seeking any damages. The jury found that Harrington acted in good faith in defending the November 2016 will but found that Donalson did not act in good faith and with just cause in prosecuting the suit to have the 1998 will admitted to probate. The jury awarded Donalson zero damages for Harrington's breach of fiduciary duty. The jury also awarded Harrington $32,244 in necessary expenditures, including reasonable attorney's fees, which the trial court reduced to $21,150 in the final judgment.

## General Rules of Error Preservation

In response to each of Donalson's issues, Harrington argues that she failed to preserve these complaints for our review.[2] As a prerequisite to presenting a complaint on appeal, an appellant must show she preserved it by making the complaint "to the trial court by a timely request, objection, or motion" stating the grounds for the desired ruling with "sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context[.]" Tex. R. App. P. 33.1(a)(1)(A). To preserve factual sufficiency complaints, a complaint that a jury finding is against the great weight of the evidence, or a complaint about the inadequacy or excessiveness of damages, the complaining party must raise them in a motion for new trial. *See* Tex. R. Civ. P. 324(b)(2), (3), (4). To preserve a legal sufficiency complaint, a party must: (1) present a motion for instructed verdict or judgment notwithstanding the verdict; (2) object to the submission of a jury question; (3) present a motion to disregard the jury's answer to a vital fact issue; or (4) file a motion for new trial. *Cecil v. Smith*, 804 S.W.2d 509, 510–11 (Tex. 1991).

---

[2] Donalson does not cite where in the record she preserved these complaints, therefore, we have independently reviewed the record to determine if she preserved them.

**Attorney's Fees**

Donalson complains the trial court erred by awarding attorney's fees as a matter of law and due to a "[l]ack of [e]vidence." The record establishes that in response to Harrington's motion for entry of judgment, Donalson objected to the attorney's fees award, arguing they were not available under the estates code as a matter of law, and there was a lack of evidence to support an attorney's fee award under the Declaratory Judgment Act.

Even if we assume Donalson's objection to Harrington's motion for entry of judgment preserved the complaint about the availability of the attorney's fee award,[3] Harrington was still entitled to attorney's fees pursuant to Texas Civil Practice and Remedies Code section 37.009. Both parties' pleadings included causes of action for declaratory relief. Harrington's claim for declaratory relief addressed the characterization of community property, whereas Donalson's counterclaim for declaratory relief pertained to reimbursing the estate for money she alleged Harrington improperly obtained. The trial court resolved the community property issue prior to trial when it granted Harrington's partial no evidence motion for

---

[3] While we do not determine that this is the case, at least one appellate court has explained in determining that error had been preserved in part by "objections to [a party's] motion for entry of judgment and their own motion for entry of judgment, which we have construed as motions for JNOV or to disregard the verdict." *See Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 452 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Cecil v. Smith*, 804 S.W.2d 509, 510–11 (Tex. 1991)).

summary judgment characterizing all property as community and declaring half of the property as Betty Jo's. However, Donalson's counterclaim for declaratory relief pertaining to reimbursement of the funds to the estate as well as her separate challenge to the validity of Betty Jo's will remained through trial. Harrington also pleaded for attorney's fees.

Any interested person in the administration of the estate of a decedent may bring a claim for declaratory relief to determine any question arising in the administration of the trust or estate. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.005. As a person interested in the estates of Betty Jo and George, Donalson had a right to bring her counterclaim for declaratory relief regarding the validity of Betty Jo's will and whether the estates were entitled to reimbursement. *See id.* In any declaratory proceeding brought under chapter 37, the trial court may award costs and reasonable and necessary attorney's fees as are equitable and just.[4] *See id.* § 37.009. Harrington had to defend Donalson's counterclaim for reimbursement to the estates along with the will contest through trial. This necessarily implicated the interests of both parties, as Donalson was also a beneficiary under Betty Jo's prior will, which would have

---

[4] On appeal, Donalson complains for the first time that the trial court failed to find the attorney's fees were "equitable and just." Donalson did not complain in the trial court that the fees were unreasonable, unnecessary, inequitable or unjust. Having failed to raise this in the trial court, Donalson has not preserved this complaint for our review. *See* Tex. R. App. P. 33.1(a)(1)(A).

8

governed the disposition of her estate if the jury determined Betty Jo lacked testamentary capacity when she executed the November 2016 will.

"The availability of attorney's fees under a particular statute is a question of law for the court." *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999) (citation omitted). Therefore, a jury's finding concerning the amount of reasonable attorney's fees is immaterial to the ultimate legal issue of whether such fees are recoverable. *See id.* A jury can determine the amount of attorney's fees whether or not they can be recovered under the theory of law submitted to the jury. *See id.* The jury was asked what sum of money it found to be necessary expenses and disbursements, including reasonable attorney's fees, to defend the document dated November 15, 2016, previously admitted to probate. This finding could support an award under the DJA or the Probate Code, as it addressed defending the will, which also went to determining the rights of parties interested in the estates; however, the trial court determined as a matter of law that attorney's fees were available and awarded them pursuant to Texas Civil Practice and Remedies Code Chapter 37, and we agree. We need not address the availability of attorney's fees under section 352.052 of the Probate Code.

As an appellant attacking the legal sufficiency of an adverse finding on which she did not have the burden of proof at trial, Donalson must demonstrate there is no evidence to support the adverse finding. *See Exxon Corp. v. Emerald Oil & Gas Co.,*

9

*L.C.*, 348 S.W.3d 194, 215 (Tex. 2011). Harrington's attorney testified at trial regarding his experience, his hourly rate, the total fees incurred of $32,244 for work performed defending the will and explained some of those tasks were "inextricably intertwined" with other causes of action. Counsel testified that the fees were reasonable and necessary. The trial court also admitted the attorney's bill without objection. Having failed to demonstrate that there was no evidence to support the attorney's fee award, Donalson has failed to meet her burden of proof on this issue. *See id.* We overrule this issue.[5]

## Legal and Factual Sufficiency: Zero Damages

Next, Donalson contends the evidence was legally and factually insufficient to support the jury's award of zero damages for Harrington's breach of fiduciary duty. To preserve factual sufficiency complaints, a complaint that a jury finding is against the great weight of the evidence, or a complaint about the inadequacy or excessiveness of damages, the complaining party must raise them in a motion for new trial. *See* Tex. R. Civ. P. 324(b)(2), (3), (4). Donalson failed to file a motion for new trial, therefore she did not preserve her factual sufficiency complaint for our

---

[5] Donalson also complained about the trial court "re-open[ing]" evidence in violation of Texas Rule of Civil Procedure 270, to hear testimony regarding attorney's fees in the event of an appeal. Since the trial court did not award appellate attorney's fees, the error, if any, in re-opening the evidence was harmless. *See* Tex. R. App. P. 44.1(a) (judgment may not be reversed for error unless the error probably caused the rendition of an improper judgment).

review. *See id.*; *see also* Tex. R. App. P. 33.1(a)(1)(A). To preserve a legal sufficiency complaint, a party must: (1) present a motion for instructed verdict or judgment notwithstanding the verdict; (2) object to the submission of the jury question; (3) present a motion to disregard the jury's answer to a vital fact issue; or (4) file a motion for new trial. *Cecil*, 804 S.W.2d at 510–11. Donalson did not present her complaint to the trial court regarding the jury's zero damages award as outlined above. Her complaint that the evidence is legally insufficient to support the jury's award of zero damages is not preserved for review. *See id.*; *see also* Tex. R. App. P. 33.1(a)(1)(A). We overrule issue two.

**Legal and Factual Sufficiency: Ratification and Estoppel**

Finally, Donalson argues the evidence was legally and factually insufficient to support the jury's finding that George ratified Harrington's conduct and that Donalson was estopped from seeking damages based on Harrington's reliance on George's representations to his detriment. Because Donalson did not file a motion for new trial, her complaint regarding the factual insufficiency of the evidence to support the jury's findings of ratification and estoppel has not been preserved for our review. *See* Tex. R. App. P. 33.1(a)(1)(A); Tex. R. Civ. P. 324(b)(2), (3), (4). Donalson did object to the submission of the jury questions regarding ratification and estoppel on the basis that the evidence did not support their submission, thus preserving her legal sufficiency complaint. *See Cecil*, 804 S.W.2d at 510–11 (noting

11

one way to preserve a legal sufficiency complaint is objecting to the submission of a jury question).[6]

Donalson acknowledges that she did not have the burden of proof with respect to the affirmative defenses of estoppel and ratification. Therefore, Donalson must demonstrate there is no evidence to support the adverse finding. *See Exxon Corp.*, 348 S.W.3d at 215. In this case, however, the record establishes evidence supported both findings. Harrington testified that in exchange for being available to run errands for George and Betty Jo and drive them to doctors' appointments, George agreed to pay Harrington's bills in a certain amount each month. Harrington also testified that he purchased groceries for them, picked up medications for them, and brought meals from restaurants for them. There was also testimony that George paid for repairs to his home. The evidence established that up until shortly before his death, George handled his own financial affairs, including writing checks, keeping up with his bank records, and dealing with his accountant. Harrington testified that George sometimes signed checks but left the amounts blank and allowed Harrington to fill them out. The evidence further revealed that this went on for many years and continued even

---

[6] To the extent that she argues that the lack of a definition of "estoppel" in the jury charge was confusing, that objection was not made in the trial court nor did she submit a "substantially correct definition" in writing, so we do not address it. *See* Tex. R. Civ. P. 278 ("Failure to submit a definition or instruction shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or instruction has been requested in writing and tendered by the party complaining of the judgment.").

after Betty Jo died. From this evidence, the jury could have concluded that even if George did not have all material knowledge of the breach of fiduciary duty when he initially wrote the checks, George thereafter ratified Harrington's expenditures and that Harrington relied on George's acceptance of these expenditures by his actions in the years after Betty Jo died. Donalson has failed to meet her burden to show that there was no evidence to support the jury's findings, and we conclude the evidence is legally sufficient.

Donalson also contends that the jury's findings with respect to ratification and estoppel were contradictory. Specifically, he contends that the jury found George did not have knowledge of all material facts. But, for the jury to find that he ratified Harrington's conduct, it would necessarily require full knowledge of the facts. "[T]o preserve error based on fatally conflicting jury answers, parties must raise that objection before the trial court discharges the jury." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 518 (Tex. 2018); *see also* Tex. R. Civ. P. 295 (noting that for conflicting answers, the trial court shall instruct the jury in writing in open court of the nature of the conflict, provide the jury with appropriate instructions, and retire the jury for further deliberations). Donalson made no objection to any conflict between the jury's answers prior to the jury being discharged, and consequently, failed to preserve error with respect to any conflict. *See Menchaca*, 545 S.W.3d at

13

518; *Sears, Roebuck & Co. v. Kunze*, 996 S.W.2d 416, 423 (Tex. App.—Beaumont 1999, pet. denied).

We determine Donalson failed to preserve her factual sufficiency complaint and complaint regarding conflicting jury answers. Having further determined the evidence was legally sufficient to support the jury's findings as to ratification and estoppel, we overrule issue three.

## Appellee's Cross-Point

Harrington raises one cross-point on appeal, in essence presenting another reason for affirming the trial court's judgment. *See City of Austin v. Whittington*, 384 S.W.3d 766, 789 (Tex. 2012) (addressing appellate cross-point where no notice of appeal was filed because the party did not seek greater relief than the judgment awarded). Harrington complains that the evidence was legally and factually insufficient to prove a relationship of trust or confidence or breach of fiduciary duty by Harrington and asserts that he preserved these complaints by objecting to Questions No. 2 and No. 4 in the Court's Charge regarding breach of fiduciary duty. While it is true that an objection to the submission of a question can preserve a legal sufficiency challenge, a party must file a motion for new trial to preserve a factual sufficiency complaint. *See* Tex. R. Civ. P. 324(b)(2). Harrington did not file a motion for new trial, so any factual sufficiency complaint is waived. *See id.*

14

Harrington's legal insufficiency complaint was preserved by an objection to Question No. 2 that "there's no evidence or insufficient evidence to submit the question to the jury of a relationship of trust and confidence" between the decedents and Harrington. He also objected to Question No. 4 on the basis that "there's no evidence that he had a[n] informal or formal fiduciary relationship with George Hayes." He primarily challenges the existence of the fiduciary relationship. "Generally, the elements of a claim for breach of fiduciary duty are (1) the existence of a fiduciary duty, (2) breach of the duty, (3) causation, and (4) damages." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017) (citations omitted). A fiduciary relationship can be formal or informal. *See Meyer v. Cathey*, 167 S.W.3d 327, 330–31 (Tex. 2005). Formal fiduciary relationships arise as a matter of law, such as with attorney-clients, partnerships, and trustee relationships. *See id.* at 330. Informal fiduciary relationships can arise from moral, social, domestic, or purely personal relationships of trust and confidence. *See id.* at 331.

Harrington did not have the burden of proof regarding the existence of a fiduciary relationship and Harrington's breach of that duty. Therefore, in challenging the legal sufficiency of these findings on which he did not have the burden of proof, Harrington must demonstrate no evidence supports them. *See Exxon Corp.*, 348 S.W.3d at 215. The record contained evidence that Harrington took care of many of

George and Betty Jo's daily needs, from getting food and medications to taking them for medical care. The record further reveals that George and Betty Jo were unable to drive and suffered from a multitude of physical ailments that made them dependent upon Harrington. The record also showed there was a familial relationship between George and Betty Jo and Harrington. Legally sufficient evidence "would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). In our review, we "credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not." *Id.* Using these guiding principles, we cannot say that Harrington has demonstrated no evidence supports these findings. Accordingly, the evidence was legally sufficient to support the jury's affirmative finding that a relationship of confidence and trust existed, and that Harrington failed to comply with the fiduciary duty. *See Exxon Corp.*, 348 S.W.3d at 215.

Another argument Harrington raises with respect to Question No. 4 is that the question "does not define fiduciary duty, so damages cannot be presumed by this jury finding[.]"Nowhere in his objection did he apprise the trial court that a specific definition of "fiduciary duty" should have been included nor did he submit a written definition to the trial court. *See* Tex. R. Civ. P. 278 (noting requirement for "substantially correct definition" in writing); *Security Nat. Ins. Co. v. Murrell*, No. 02-11-00155-CV, 2012 WL 3115733, at *4 (Tex. App.—Fort Worth Aug. 2, 2012,

16

pet. denied) (mem. op.) (concluding that where party did not present proposed correct definition in writing it waived error, if any).

We overrule Harrington's cross-point.

## Conclusion

We conclude legally sufficient evidence supported the attorney's fees award, which are recoverable under the DJA, and legally sufficient evidence supported the jury's answers to the affirmative defense questions regarding ratification and estoppel. All other issues having been waived for lack of preservation, we affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on February 19, 2021
Opinion Delivered July 29, 2021

Before Kreger, Horton and Johnson, JJ.

17