# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-22-00279-CV

---

### B. S. and M. S., Appellants

### v.

### Texas Department of Family and Protective Services, Appellee

---

### FROM THE 146TH DISTRICT COURT OF BELL COUNTY
### NO. 315625, THE HONORABLE JACK WELDON JONES, JUDGE PRESIDING

---

### C O N C U R R I N G   O P I N I O N

I concur in the Court's judgment affirming the termination of Father's and Mother's parental rights. However, I would address the merits of Father's and Mother's challenges to the sufficiency of the evidence supporting the district court's endangerment findings. *See* Tex. Fam. Code § 161.001(b)(1)(D), (E). Because the Court declines to review those findings, I cannot join its opinion.

Ordinarily, to raise a challenge on appeal to the legal or factual sufficiency of the evidence in a civil jury trial, a party must preserve error by first raising the challenge in the trial court. *See T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 220–21 (Tex. 1992); *Cecil v. Smith*, 804 S.W.2d 509, 510–11 (Tex. 1991). However, the Texas Supreme Court has cautioned that "error preservation in the trial court, which is a threshold to appellate review,

necessarily must be viewed through the due process prism." *In re M.S.*, 115 S.W.3d 534, 547 (Tex. 2003).

"The phrase 'due process,' although incapable of precise definition, expresses the requirement of fundamental fairness." *In re B.L.D.*, 113 S.W.3d 340, 352 (Tex. 2003) (citing *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 24 (1981)). "What fundamental fairness requires in a particular situation is determined by 'considering any relevant precedents and then . . . assessing the several interests that are at stake.'" *Id*. (quoting *Lassiter*, 452 U.S. at 25). Although courts "presume that our rules governing preservation of error in civil cases comport with due process," that presumption can be overcome when "assess[ing] the interests that are affected by our procedures for preservation of error." *Id*. (citing *Lassiter*, 452 U.S. at 27). "[I]n the context of parental termination, 'due process turns on the balancing of three distinct factors': (1) 'the private interests affected by the proceeding'; (2) 'the risk of error created by the [s]tate's chosen procedure'; and (3) 'the countervailing governmental interest supporting use of the challenged procedure.'" *In re N.G.*, 577 S.W.3d 230, 236 (Tex. 2019) (per curiam) (quoting *In re J.F.C.*, 96 S.W.3d 256, 273 (Tex. 2002)).

"The private interest affected by a termination case is a parent's fundamental liberty interest in the care, custody, and control of his or her children." *B.L.D.*, 113 S.W.3d at 352 (citing *Troxel v. Granville*, 530 U.S. 57, 65–66 (2000)). This is "an interest far more precious than any property right." *Santosky v. Kramer*, 455 U.S. 745, 758–59 (1982). "If the Department succeeds in terminating a parent's rights, the State will have 'worked a unique kind of deprivation . . . . A parent's interest in the accuracy and justice of the decision to terminate his or her parental status is . . . a commanding one.'" *B.L.D.*, 113 S.W.3d at 352 (quoting *Lassiter*, 452 U.S. at 27). "Thus, the parent's interests generally will favor reviewing unpreserved error

that might result in reversal of a judgment to terminate." *Id*. Additionally, "until the State proves parental unfitness, the child and his parents share a vital interest in preventing erroneous termination of their natural relationship." *Santosky*, 455 U.S. at 760.

The second factor, the risk of error, also weighs in favor of reviewing unpreserved sufficiency challenges to section 161.001(b)(1)(D) and (E) findings. "[W]hen parental rights have been terminated under either section 161.001(b)(1)(D) or (E), that ground becomes a basis to terminate that parent's rights to other children" under section 161.001(b)(1)(M). *N.G.*, 577 S.W.3d at 234. "Because only one ground is required to terminate parental rights—and therefore a section 161.001(b)(1)(M) ground based on a prior termination would be sufficient to terminate parental rights to another child in another termination proceeding—the collateral consequences of terminating parental rights under section 161.001(b)(1)(D) or (E) are significant." *Id*. Declining to review the sufficiency of the evidence supporting (D) or (E) grounds "creates the risk that a parent will be automatically denied the right to parent other children even if the evidence supporting the section 161.001(b)(1)(D) or (E) finding were insufficient." *Id*.

The third factor weighs in favor of the State, which "has a strong interest in ensuring that our trial courts have an opportunity to correct errors as a matter of judicial economy." *B.L.D.*, 113 S.W.3d at 353. "Appellate review of potentially reversible error never presented to a trial court would undermine the Legislature's dual intent to ensure finality in these cases and expedite their resolution." *Id*. On the other hand, "[t]he State's foremost interest in suits affecting the parent-child relationship is the best interest of the child" and therefore, the State "shares the parent's interest in an accurate and just decision." *Id*. "In that regard, the State's interest favors reviewing unpreserved error that bears on the accuracy of the verdict." *Id*.

Overall, however, "the State's interests weigh heavily toward applying our procedural rules to bar review of unpreserved error." *Id*.

Balancing the three factors, I would conclude that when a parent argues on appeal that there is insufficient evidence to support endangerment findings under either section 161.001(D) or (E), due process demands that the appellate court review that claim, even if it was not preserved in the court below. The Texas Supreme Court reached a similar conclusion when addressing "whether a parent, whose parental rights were terminated by the trial court under multiple grounds, is entitled to appellate review of the section 161.001(D) and (E) grounds because of the consequences these grounds could have on their parental rights to other children—even if another ground alone is sufficient to uphold termination." *N.G.*, 577 S.W.3d at 233. The court concluded that a parent is entitled to appellate review of those grounds as a matter of due process. It explained:

> The state has a substantial, legitimate interest in protecting children and looking out for their best interests, but parents also have a fundamental liberty interest in the right to parent—particularly, a right to parent other children not involved in the termination proceeding at hand. In any parental termination proceeding, the state is immediately concerned with the child in that case, but the state's interest in allowing certain grounds to remain unreviewed on appeal should not outweigh the parent's interest in parental rights to another child. . . .

> Balancing these factors, and considering that the risk of error has significant consequences for future parental rights, we conclude that the parent's fundamental liberty interest at stake outweighs the state's interest in deciding only what is necessary for final disposition of the appeal. Allowing section 161.001(b)(1)(D) or (E) findings to go unreviewed on appeal when the parent has presented the issue to the court thus violates the parent's due process and due course of law rights.

*Id*. at 236–37 (internal citations omitted).

Although *N.G.* did not address error preservation, I believe the court's reasoning in that case is applicable here. The State undoubtedly has an interest in resolving termination appeals expeditiously, and appellate courts declining to review unpreserved sufficiency challenges furthers that interest. However, parents have a fundamental liberty interest in the care, custody, and control of their children, and declining to review unpreserved sufficiency challenges to endangerment findings under (D) and (E) grounds, when the parents have raised the issue on appeal, risks wrongfully depriving parents of their rights to future children in future termination proceedings. That is a risk I am unwilling to take. As the Texas Supreme Court explained in *N.G.*:

> A parent may be denied the fundamental liberty interest in parenting only after they have been provided due process and due course of law, and terminating parental rights based on a challenged, unreviewed section 161.0001(b)(1)(D) or (E) finding runs afoul of this principle. When a parent has presented the issue on appeal, an appellate court that denies review of a section 161.001(b)(1)(D) or (E) finding deprives the parent of a meaningful appeal and eliminates the parent's only chance for review of a finding that will be binding as to parental rights to other children.

*Id*. at 235 (internal citations omitted).

Finally, I am troubled that our Court does not appear to be consistent on this issue. Recently, a different panel of this Court handed down its opinion in *A.K. and T.A. v. Texas Department of Family and Protective Services*, No. 03-22-00285-CV, 2022 WL 14989625 (Tex. App.—Austin Oct. 27, 2022, no pet. h.) (mem. op.), a case that also involved a parent's unpreserved legal and factual sufficiency challenges to endangerment findings under (D) and (E). "In the interest of justice and because of the importance of the rights involved," this Court chose to review the findings. *See id*. at *5 n.3. I do not believe that it is

5

prudent for our Court to review unpreserved sufficiency challenges in some cases but not in others.  We should consistently review those challenges or consistently decline to review them.  I would choose to consistently review them.

        For these reasons, I concur in the judgment only.


                                                  _____

                                                  Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Smith

Filed:  November 10, 2022